GREENWOOD ET AL. *v.* CITY OF PORTSMOUTH.
[Cite as Greenwood v. Portsmouth (1971),
29 Ohio Misc. 161.]

(No. 54141—Decided September 10, 1971.)

Common Pleas Court of Scioto County.

*Mr. Franklin T. Gerlach,* for plaintiffs.
*Mr. Edward V. Leach,* city solicitor, and *Mr. William L. Howland,* special counsel, for defendant.

MARSHALL, J.   This is an action brought by fifty-two members of the Portsmouth Fire Department demanding judgment against the city of Portsmouth in the amount of $584,538.00.   On February 10, 1971, the Supreme Court, in the case of *City of Cleveland, ex rel. Neelon, v. Locher,* 25 Ohio St. 2d 49, held:

"Where a city charter provides that the city council shall by ordinance provide for the enforcement or execution of a particular charter provision, a mandatory duty is placed upon the council to comply with the terms of the charter, and mandamus will lie to compel the council to act."

That decision was rendered upon a petition for a writ of mandamus brought by the members of the Cleveland Fire Department to compel the city officials to comply with a section of the Cleveland City Charter which reads:

"Except in extraordinary emergencies, not to exceed eight hours shall constitute a day's work and not to exceed forty-eight hours a week's work, for any city employee of the city of Cleveland in the classified service thereof. * * * The council shall by ordinance provide for the enforcement of the provisions of this section."

It was stipulated that Cleveland firemen were working fifty-six hours per week. This holding constituted a divergence from the position taken by the court in *State, ex rel. Strain,* v. *Houston* (1941), 168 Ohio St. 191.

The charter of the city of Portsmouth contains an identical provision relating to an eight hour day and a forty-eight hour work week, along with the requirement that council provide for its enforcement by ordinance. (Section 164.) Although authorized by the charter, the city council did not enact legislation establishing the daily or weekly hours of work, or a table of organization for the members of the fire department, nor authorizing the city manager to do so. It has, however, enacted a salary ordinance, which establishes monthly salaries for the members, based upon their rank or position in the department.

On the day the Supreme Court rendered its decision, February 10, 1971, the Portsmouth Association of Fire Fighters filed in this court a petition for a writ of mandamus to compel the Portsmouth City Council to enact legislation establishing a table of organization for the fire department and the working hours of its members so as not to exceed forty-eight hours per week (Case No. 53846). Judge Richard L. Canter of this court allowed the writ on May 11, 1971.

In the case now before the court, plaintiffs' claim is based upon the fact that they were required to work sixty-three hours per week from November 17, 1969 until June 1, 1971, and sixty-seven and one-half hours per week from June 1, 1965 until November 17, 1969, while other city employees worked less than forty-eight hours per week. By reason thereof, they demand judgment "for compensation for hours worked in excess of forty-eight hours per week on a straight hourly rate and at the rate of one and one-half times said hourly rate where appropriate." The city filed no answer or denial, but moved for summary judgment in its favor. There is, therefore, no issue as to any of the facts alleged in the complaint. Plaintiffs also filed a motion for summary judgment, incorporating therein a request for the appointment of a receiver to compute the compensation of each of the plaintiffs should it be determined that they are entitled to such. An accompanying affidavit sets forth that city council established a forty-eight hour work week for plaintiffs effective June 1, 1971.

R. C. 4115.02, effective October 1, 1953, formerly G. C. 17-1a, provides:

"The chief of the fire department of each city shall divide the uniform force into not less than two platoons * * * and shall keep a platoon * * * on duty twenty-four consecutive hours, after which the platoon serving twenty-four hours shall be allowed to remain off duty for at least twenty-four consecutive hours except in cases of extraordinary emergency. Each individual member of the platoons in addition to receiving a minimum of twenty-four hours off duty in each period of forty-eight hours shall receive an additional period of twenty-four consecutive hours off duty in each period of fourteen days so that no individual member shall be on duty more than a total of one hundred forty-four hours in a period of fourteen days. The chief shall arrange a schedule of working hours to comply with this section. * * * This section insofar as it relates to off duty periods does not apply to any city that adopts the eight hour regulation for its fire department. * * *"

This statute was amended effective November 19, 1969, to read, "additional period of twenty-four consecutive

hours off duty in each period of *eight days* so that no individual member shall be on duty more than a total of *seventy-two* hours in any period of *eight* days. * * * This section insofar as it relates to off duty periods does not apply to any municipal corporation * * * that adopts a forty hour week or * * * which has a three platoon system the members of which work twenty-four consecutive hours immediately followed by forty-eight consecutive hours off duty. * * *''

In *State, ex rel. Strain*, v. *Houston* (*supra*), decided May 7, 1941, the Supreme Court held the above statute to be ''not invalid as violating the principle of local self government in municipalities of the state.''

In the case of *Bond* v. *Littleton*, 87 Ohio App. 188, decided May 10, 1949, the Fourth District Court of Appeals was confronted with the identical issues raised in Case No. 53846. Members of the Portsmouth Fire Department had been granted an injunction by the Court of Common Pleas of this county restraining certain officials of the city of Portsmouth from requiring them to work more than forty-eight hours in any one week. The fire department was operating on the two platoon system as provided by the above referred to statute. Section 164 of the City Charter was the same as it is now, and the city council had not enacted enabling legislation. In reversing the Court of Common Pleas, the Court of Appeals held:

''G. C. 17-1a, prescribing the 'two-platoon system' for municipal fire departments, controls the working hours of a municipal fire department unless the municipality has otherwise provided by proper legislation under the exception in the last sentence of that section.''

''Section 164 of the Charter of the City of Portsmouth, prescribing the eight hour day and forty-eight hour week for all city employees, is not self executing, and no legislation having been provided thereunder by the Council of the City of Portsmouth, G. C. 17-1a, prescribing the 'two platoon system' controls the working hours of the fire department of the City of Portsmouth.''

The principle that a decision of the court of appeals,

unless it is in conflict with the decision of the Supreme Court, binds the Courts of Common Pleas and constitutes conclusive evidence of the law within that appellate district, is too well established to require a statement of supporting authorities. Until the rendition of the decision of the Supreme Court in the city of Cleveland case and the subsequent issuance of the writ of mandamus to the Portsmouth City Council in Case No. 53846, the plaintiffs were working fewer hours than the maximum prescribed by law as set forth in R. C. 4115.02. By enacting legislation establishing a forty-eight hour work week effective June 1st, council acted within a reasonable time to comply with the writ.

Until June 1, 1971, the work week for members of the fire department did not consist of forty-eight hours, as alleged in the complaint. The forty-eight hour work week did not become effective until the city council passed the ordinance establishing the same pursuant to Section 164 of the Charter.

It should also be noted that the members of the fire department were not working on an hourly rate, but rather were employed on a monthly salary basis. Their contractual responsibility was to perform the services required of them for which they were to be remunerated monthly by payment of the scheduled salary; and no provision existed for additional compensation for time spent on the job in excess of any specified number of hours.

From the foregoing this court finds that reasonable minds can come to but one conclusion, and that conclusion is adverse to the plaintiffs. Judgment is rendered for the defendant.

An entry may be prepared accordingly, saving exceptions.