HANNA, Appellee,

v.

HANNA, Appellee; Q.H., Appellant.

[Cite as *Hanna v. Hanna*, 177 Ohio App.3d 233, 2008-Ohio-3523.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 07AP–858.

Decided July 15, 2008.

234

Timothy Gerrity, for appellee Roy S. Hanna.

Harold Kemp, for appellee Lisa R. Hanna.

Ralph S. Silvestri Jr., for appellant.

Swope and Swope and Kristy Swope, guardian ad litem.

---

BRYANT, Judge.

{¶ 1} Appellant, Q.H. ("the minor child"), appeals from the September 19, 2007 judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, dismissing the minor child's objections to the magistrate's decision that dismissed the motion of the minor child's father requesting the court to reallocate parental rights and responsibilities and grant shared parenting of the minor child. The minor child assigns a single error:

> The trial court erred by ruling that the minor child, [Q.H.], lacked standing to file objections to the report of the magistrate.

Because (1) the minor child could not pursue his own objections to the magistrate's decision in the absence of objections by either of his parents and (2) the record discloses no prejudice to the child from the trial court's dismissing his objections, we affirm.

{¶ 2} The minor child was born in 1993 during the marriage of his parents, plaintiff-appellee, Roy S. Hanna, and defendant-appellee, Lisa K. Hanna, n.k.a. Lisa Kyle. Plaintiff and defendant terminated their marriage in 1998 in an agreed judgment entry of divorce. In the agreed judgment entry, the trial court allocated parental rights and responsibilities in accordance with plaintiff's and defendant's agreement that designated defendant the sole residential parent and legal custodian of the minor child. In subsequent custody decrees journalized in June 1999 and December 2002, the trial court incorporated plaintiff's and defendant's further agreements that continued to designate defendant the sole residential parent and legal custodian of the minor child and modified the visitation schedule to allow each parent approximately equal parenting time.

{¶ 3} Pursuant to R.C. 3109.04(E)(1)(b), plaintiff filed a motion on November 12, 2004, to reallocate parental rights and responsibilities. Specifically, plaintiff requested the court to enter a shared-parenting order under which plaintiff and defendant would share equally the legal responsibility for the minor child's care, custody, and control. The matter was referred to a magistrate, who on February 3, 2005, designated the minor child a party defendant to the action and appointed Kristy Swope as guardian ad litem to act in the child's best interest. On November 3, 2005, the magistrate, on plaintiff's further motion, appointed Ralph Silvestri to represent the minor child as his attorney advocate in the event the child's wishes conflicted with the guardian ad litem's recommendation concerning plaintiff's shared-parenting proposal.

{¶ 4} Following numerous continuances, the magistrate conducted a three-day hearing in March and May 2006 on plaintiff's motion for reallocation of parental rights and responsibilities. The minor child's guardian ad litem and attorney advocate participated in the hearing and were also present when the magistrate, at the attorney advocate's request, conducted an in-camera interview of the minor child to ascertain his wishes and concerns in the matter.

{¶ 5} Subsequent to the magistrate's hearing and in-camera interview with the minor child, the guardian ad litem filed a final report and recommendation opposing modification of custody; plaintiff and the minor child, through his attorney advocate, filed separate written closing arguments requesting that the court grant plaintiff's motion for reallocation of parental rights and responsibilities. Finding no change in circumstances of the defendant or the minor child since the court entered its previous parenting decree, the magistrate rendered a written decision on February 9, 2007, dismissing plaintiff's motion without determining whether modification of custody would be in the best interest of the minor child. The trial court incorporated by reference the magistrate's decision and entered judgment accordingly on February 16, 2007.

{¶ 6} Pursuant to Civ.R. 53(D)(3)(b), plaintiff timely filed objections to the magistrate's decision on March 16, 2007, and requested a transcript of the custody modification hearing. By motion filed that same day through his attorney advocate, the minor child filed his own objections to the magistrate's decision, expressly reserving "the right to supplement [his] objections after obtaining the transcript of proceeding before the Magistrate in this action."

{¶ 7} On April 13, 2007, plaintiff withdrew his filed objections to the magistrate's decision, leaving the objections of the minor child pending before the court. Three months after plaintiff withdrew his own objections, the minor child filed a motion, through his attorney advocate, requesting the court not only to order that the hearing transcript be prepared for the court's review in conjunction with the minor child's objections, but to allocate the costs of preparing the transcript. In response, defendant filed a memorandum contra urging the trial court to dismiss the minor child's objections to the magistrate's decision because, defendant argued, the attorney advocate could not pursue a course of action on behalf of the minor child that neither the parents nor the guardian ad litem supported.

{¶ 8} On September 19, 2007, the trial court entered its decision and judgment stating, "Finding that the Plaintiff has withdrawn his objection and Plaintiff's Motion is no longer pending, the Court finds that the minor child is without standing to pursue objections in this matter and therefore DENIES the Minor Child's Motion to Apportion Costs of the transcript and DISMISSES the Minor Child's Objections." In his single assignment of error, the minor child contends

that the trial court erred in finding he lacked standing to file objections to the magistrate's decision after plaintiff withdrew his own objections. The minor child asserts that the trial court's act of joining him as a "party defendant" and appointing him independent legal representation in the custody-modification proceeding was significant because (1) it conferred standing upon him as a "party" independent of his parents' standing and (2) Civ.R. 53(D)(3)(b)(i) expressly authorized him, as a "party," to file objections to the magistrate's decision.

{¶ 9} Divorce and ancillary custody actions are purely matters of statute. *Shively v. Shively* (Sept. 22, 1994), Franklin App. No. 94APF02–249, 1994 WL 521184, citing *State ex rel. Papp v. James* (1994), 69 Ohio St.3d 373, 379, 632 N.E.2d 889. In such actions, domestic relations courts have jurisdiction, as statute confers and limits it, to allocate parental rights and responsibilities for the care, custody, and control of a child. Id.; see R.C. 2301.01, 3105.03, 3105.21, and 3109.04. In reviewing statutes, we are obligated "to give effect to the words used and not to insert words not used." *In re James,* 113 Ohio St.3d 420, 2007-Ohio-2335, 866 N.E.2d 467, at ¶ 13.

{¶ 10} R.C. 3109.04 governs the domestic relations court's allocation of parental rights and responsibilities and sets forth the procedures and standards courts are to use in proceedings pertaining to such matters. *Braatz v. Braatz* (1999), 85 Ohio St.3d 40, 706 N.E.2d 1218. After the court has journalized an initial decree allocating parental rights and responsibilities, the court retains jurisdiction to modify the decree. *Loetz v. Loetz* (1980), 63 Ohio St.2d 1, 2, 17 O.O.3d 1, 406 N.E.2d 1093. See R.C. 3105.65(B). The court's exercise of such jurisdiction, however, is not automatic. "The General Assembly * * * has restricted the exercise of judicial authority with respect to modification of a prior decree allocating parental rights and responsibilities." *In re James,* 113 Ohio St.3d 420, 2007-Ohio-2335, 866 N.E.2d 467, at ¶ 28.

{¶ 11} The proponent seeking to modify parental rights and responsibilities first must properly invoke the domestic relations court's continuing jurisdiction. Civ.R. 75(J). R.C. 3109.04(E)(1)(b) limits who may invoke the court's continuing jurisdiction and request that the court modify its prior custody decree to grant shared parenting. According to the statute, only "*[o]ne or both of the parents* under a prior decree allocating parental rights and responsibilities for the care of children that is not a shared parenting decree may file a motion requesting that the prior decree be modified to give both parents shared rights and responsibilities for the care of the children." (Emphasis added.) R.C. 3109.04(E)(1)(b). Once the court's continuing jurisdiction has been properly invoked, the matter may be referred to a magistrate for an initial determination and decision, but the magistrate's decision is not effective unless the court adopts it. See Civ.R. 53.

{¶ 12} Despite a party's properly invoking the court's jurisdiction, R.C. 3109.04(E)(1)(a) precludes the court from "modifying a prior decree allocating parental rights and responsibilities unless it finds, based on facts that have arisen since the time of the decree or were unknown to it at that time, not only that a change has occurred in circumstances of the child, the child's residential parent, or either parent subject to a shared-parenting decree, but also that the modification of the prior custody decree is necessary to serve the best interest of the child." *In re James*, 113 Ohio St.3d 420, 2007-Ohio-2335, 866 N.E.2d 467, paragraph one of the syllabus. See also *Davis v. Flickinger* (1997), 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (determining that because R.C. 3109.04(E)(1)(a) is designed to provide stability in the life of a child, a change in circumstances must be a change of substance, not a slight or inconsequential change). Where, as here, a matter is referred to a magistrate for initial determination and decision, Civ.R. 53 provides that a "party" may file written objections to the magistrate's written decision, and the court "shall" rule on objections that are timely filed. Civ.R. 53(D)(3)(b)(i) and (4)(d).

{¶ 13} In this case, the trial court did not err in finding that the minor child could not maintain objections to the magistrate's decision after plaintiff withdrew his own objections to the decision. The question is not whether the minor child has a personal interest in the proceedings relating to custody modification; without question, the minor child has an interest in proceedings that involve such significant matters as where the child resides or spends his time. See *Schottenstein v. Schottenstein* (Nov. 29, 2001), Franklin App. No. 00AP–1088, 2001 WL 1511949, discretionary appeal not allowed, 98 Ohio St.3d 1210, 2003-Ohio-1088, 784 N.E.2d 1182. The question is whether the minor child has an independent legal right, separate and apart from his or her parents, to commence or maintain an action requesting the court to modify its prior custody decrees and grant shared custody. We conclude that the child does not.

{¶ 14} According to the plain language in R.C. 3109.04(E)(1)(b), only plaintiff and defendant, as the minor child's parents, could invoke the court's continuing jurisdiction to modify a prior custody decree and grant shared parenting. The right of action is not in the child; it is in his parents and is jurisdictional. The minor child's status as a party is contingent upon (1) one or both of the minor child's parents bringing and maintaining the action under R.C. 3109.04(E)(1)(b) and (2) the court's exercise of its continuing jurisdiction in the matter. Here, once plaintiff withdrew his own objections to the magistrate's decision that resolved and dismissed his motion requesting shared parenting, the minor child could no longer pursue his own objections to the magistrate's decision because he had no independent legal right to maintain the action. Accordingly, the trial court did not err in dismissing the minor child's objections.

{¶ 15} Even if we assume the trial court improperly dismissed the minor child's objections, the minor child has failed to explain, and the record does not demonstrate, how the trial court's failure to rule on his objections prejudiced him. Cf. *All Climate Heating & Cooling, Inc. v. Zee Properties, Inc.* (May 17, 2001), Franklin App. No. 00AP–1141, 2001 WL 521408 (determining that an attorney who was not a named party in the action had standing to file objections to and appeal the magistrate's decision imposing sanctions against him). The minor child's interest in the proceedings was not coextensive with his parents' interest. His limited interest in expressing his wishes concerning custody, though important, was no longer at issue once plaintiff decided to forgo his motion and withdraw his own objections. The minor child thus could suffer no prejudice when the trial court dismissed his objections to the magistrate's decision, as he had no interest that remained at issue.

{¶ 16} Accordingly, we overrule the minor child's sole assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

KLATT and FRENCH, JJ., concur.