[Cite as *Hartman v. Hartman*, 2019-Ohio-177.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 107251**

---

**TAMAR A. HARTMAN**

PLAINTIFF-APPELLEE

vs.

**DALE M. HARTMAN**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-15-360167

**BEFORE:** E.T. Gallagher, P.J., Laster Mays, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** January 17, 2019

**FOR APPELLANT**

Dale M. Hartman, pro se
2195 South Green Road
University Heights, Ohio 44121


**ATTORNEY FOR APPELLEE**

Mary Sotera
Weston Hurd, L.L.P.
The Tower at Erieview
1301 East 9th St., Suite 1901
Cleveland, Ohio 44114

EILEEN T. GALLAGHER, P.J.:

{¶1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Defendant-appellant, Dale M. Hartman ("appellant"), appeals pro se from the trial court's modification of the parenting plan he shared with plaintiff-appellee, Tamar Hartman. He raises the following assignments of error for review:

> 1. The trial court erred in issuing a void post decree entry when there was no pending justiciable controversy.
>
> 2. The domestic relations court violated appellant's right to due process.

{¶2} After careful review of the record and relevant case law, we affirm the trial court's judgment.

## I. Procedural and Factual History

{¶3} Appellant and appellee were married in March 2002. They have two minor children together. In December 2015, appellee filed a complaint against appellant, seeking a divorce, allocation of parental rights and responsibilities, child support, spousal support, mutual restraining orders, and attorney fees.

**{¶4}** On April 28, 2017, the trial court ordered the parties to "participate in the court's case management services and cooperate with the forensic case manager, the children's mental-health providers, and other religious and medical professionals to resolve parenting disputes including, but not limited to, issues of communication and transitions between households." The order further provided that the parties' compliance with the case management services would be administratively reviewed by the trial court on December 4, 2017.

**{¶5}** On May 31, 2017, the trial court issued a decree of divorce, which granted the parties a divorce and incorporated the parties' agreed-upon separation agreement and parenting plan. Relevant to this appeal, the parenting plan set forth a parenting time schedule and required the parties to communicate with each other by using a program called "Our Family Wizard." The plan further required the parties to continue its use of the domestic relations case management services and parenting coordinator, Dr. Heather Bohn. Finally, the parties were ordered to make "in kind" contributions for their children's education, uninsured medical expenses, uninsured psychological expenses, and extracurricular activity expenses.

**{¶6}** On December 4, 2017, the trial court ordered the parties to appear for administrative review of the case management services as set forth in the court's April 28, 2017 order. Following an attorney conference held on February 21, 2018, the trial court issued a judgment entry, dated May 1, 2018, which required the parties to comply with the following modifications to the parenting plan:

> 1. Both parents shall check [Our Family Wizard] daily and when they receive notifications of new messages. Text messages and phone calls are reserved for emergency.
>
> 2. The parenting time schedule should be adhered to with both parents sending both children to the other parent at exchanges per the court ordered times. Deviations in the schedule must be discussed beforehand, including an [Our

Family Wizard] message 48 hours before Shabbos, if the change will occur on Shabbos and 24 hours before the change on weekdays. An exception would be if an emergency occurs or medical care is required, then the parent should notify as soon as he/she is able.

3. If the children will be absent from school, the parent who is aware of the absence should let the other parent know through [Our Family Wizard] before 12 p.m. on the day of the absence.

4. If there will be a deviation in pick up or drop off, including time or location, let the other parent know immediately when the information is obtained and by at least 24 hours before the change. If the change is due to sickness and school absence, notify the other parent by 12 p.m. of the change when the parent is notified of the child's absence.

5. If the children will have an extracurricular activity or event during the other parent's time, please let the other parent know immediately or within 24 hours of the event.

6. If a major change will be made in the children's school schedule or educational programming, please let the other parent know within 24 hours of being notified about the information.

7. If there is no school or the children miss school, the after school parent time pick up should occur at 3 p.m. If there will be a deviation in this time, please communicate on [our Family Wizard] immediately and with more than 24 hours' notice.

8. If a doctor's appointment is made for the children, let the other parent know when it is made on [Our Family Wizard]. Within 24 hours after the doctor's appointment occurs, update the other parent about the outcome and summary of the appointment. An exception would be an emergency medical event that requires one's attention to the children and immediate notification as soon as a parent is able.

9. Father shall continue to call the children at 8 p.m. Mother shall instruct the children to answer the telephone. If the children do not wish to talk, they can inform their father themselves. Father shall respect the child's preference. Father should then address this issue with Dr. Miller.

10. Neither parent shall expose the children to [Our Family Wizard] messages. Ensure that the children are not reading the messages.

11. If the children miss parenting time due to one parent's behavior, that parent shall offer make up time.

12. Treatment with Dr. Miller shall continue. Both parents should make sure this occurs.

13. Mother shall sign releases to allow Dr. Eilback to communicate with Father. Said communication with Father can be a method chosen by Dr. Eilback. Mother shall request that Dr. Eilback communicate with Father after or during appointments.

14. Cost for Dr. Miller is shared by the parents per the divorce decree, regardless of who attends sessions. Dr. Miller can structure the sessions as he recommends.

15. The children are not to be involved in adult matters or financial issues such as therapy being cancelled. They do not need to know who canceled therapy or why.

{¶7} Appellant now appeals from the trial court's judgment.

## II. Law and Analysis

### A. Administrative Review of Case Management Services

{¶8} In his first assignment of error, appellant argues the trial court erred in issuing a void post-decree entry when there was no pending justiciable controversy. Appellant contends that at the time the trial court issued its May 1, 2018 judgment entry, the court lacked continuing jurisdiction to make "substantial changes regarding parenting time, phone class, healthcare and support."

{¶9} When reviewing the propriety of a trial court's determination in a domestic relations case, an appellate court generally applies an abuse of discretion standard. *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989). An abuse of discretion is evident where the trial court's judgment is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶10} On appeal, appellant does not dispute the merits of the specific provisions contained in the modification order and concedes that "some portions" of the judgment are

favorable to him. Nevertheless, he maintains that "absent an extraordinary emergency situation," the trial court lacked jurisdiction to enter the May 31, 2018 judgment entry and, therefore, the entry is void and must be reversed.

{¶11} R.C. 3109.04(E)(1) sets forth the procedure for modifying a prior decree allocating parental rights and responsibilities for the care of children. R.C. 3109.04 (E)(1)(a) provides, in relevant part:

> The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child.

{¶12} Thus, "when a court modifies a prior decree allocating parental rights and responsibilities, which includes a change in the designation of the residential parent or legal custodian, the court must find that a change in circumstance has occurred." *Picciano v. Lowers*, 4th Dist. Washington No. 08CA38, 2009-Ohio-3780, ¶ 20, citing *Fisher v. Hasenjager*, 116 Ohio St.3d 53, 2007-Ohio-5589, 876 N.E.2d 546, ¶ 26. If a change of circumstances is demonstrated, the trial court must then determine whether the "modification is necessary to serve the best interest of the child." R.C. 3109.04(E)(1)(a).

{¶13} Conversely, R.C. 3109.04(E)(2) sets forth the procedure for modifying the terms of a plan for shared parenting. Relevant to this appeal, R.C. 3109.04(E)(2)(b) provides:

> The court may modify *the terms of the plan for shared parenting* approved by the court and incorporated by it into the shared parenting decree upon its own motion at any time if the court determines that the modifications are in the best interest of the children or upon the request of one or both of the parents under the decree. Modifications under this division may be made at any time. The court shall not make any modification to the plan under this division, unless the modification is in the best interest of the children.

(Emphasis added.)

{¶14} "R.C. 3109.04(E)(1)(a) and 3109.04(E)(2)(b) contain significantly different standards for modifications." *Fisher* at ¶ 32. "Division (E)(2)(b) does not require that the threshold determination of a change in circumstances be met." *Gunderman v. Gunderman,* 9th Dist. Medina No. 08CA0067-M, 2009-Ohio-3787, ¶ 11. Rather, the trial court need only find that the modification of a term in the shared parenting plan is in the best interest of the child. *Fisher* at ¶ 33.

{¶15} In this case, the trial court's judgment did not modify a prior decree allocating parental rights and responsibilities. *See* R.C. 3109.04(E)(1). Rather, the trial court's judgment modified, or expounded upon, certain *terms* of the parenting plan that were incorporated into the divorce decree. Thus, our review is guided by R.C. 3109.40(E)(2)(b).

{¶16} After careful consideration, we find the trial court did not abuse its discretion in modifying the terms of the parenting plan. Contrary to appellant's arguments on appeal, the domestic relations court had jurisdiction to make the subject modifications "upon its own motion at any time" pursuant to R.C. 3109.04(E)(2)(b). In this case, it is apparent from the record that the trial court believed it was in the best interests of the children to modify the terms of the original parenting plan in order to provide the parties with additional, more specific instructions regarding their communications and expectations. The additions, or modifications, to the parenting plan were made in an effort to resolve many of the confrontations that arose before the case management parenting coordinator following the execution of the divorce decree. The order seeks to promote common decency amongst the parties during the interactions and communications that are inherently necessary when raising children pursuant to a shared

parenting plan. Under these circumstances, we conclude that the trial court did not err in modifying the terms of the parties' parenting plan.

{¶17} Appellant's first assignment of error is overruled.

## B. Due Process

{¶18} In his second assignment of error, appellant argues the trial court violated his right to due process by issuing the May 1, 2018 entry without holding a hearing or providing appellant with the opportunity to be heard. Appellant contends that although he agreed to case management services, he did not agree to allow the court to use case management services to make orders without notice, without the opportunity to be heard, and without judicial process.

{¶19} "The fundamental 'requirement of due process in any proceeding * * * is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *In re A.G.*, 139 Ohio St.3d 572, 2014-Ohio-2597, 13 N.E.3d 1146, ¶ 64, quoting *Armstrong v. Manzo*, 380 U.S. 545, 550, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965), and *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

{¶20} Our review of the record reveals that although an evidentiary hearing was not held, appellant was provided with notice and an opportunity to be heard and was not deprived of due process in this matter. As previously stated, the divorce decree required the parties to use the court's case management services and cooperate with the parenting coordinator in a continued effort to improve communication and transitions between the households. On December 5, 2017, the parties each received notice that a hearing for administrative review of their participation in the court's case management services was set for April 30, 2018. The record reflects, however, that before the scheduled hearing occurred, an attorney conference was

scheduled for February 21, 2018. Following this conference, the modification judgment entry was issued. While the record does not contain information pertaining to the specific arguments posed during the attorney conference, it is evident that appellant's interests were zealously represented given appellant's admission on appeal that portions of the court's judgment are favorable to him.

**{¶21}** Accordingly, appellant's second assignment of error is overruled.

**{¶22}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas, Domestic Relations Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR