[Cite as *In re T.S.*, 2019-Ohio-886.]

# IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In the Matter of: | : | |
| T.S. et al., | : | No. 18AP-270 |
| | | (C.P.C. No. 14JU-15264) |
| [T.S., | : | |
| | | (REGULAR CALENDAR) |
| Appellant]. | : | |

---

## D E C I S I O N

**Rendered on March 14, 2019**

---

**On brief**: *Bringman Legal Co., L.P.A.,* and *William Paul Bringman*, for appellant.

**On brief**: *Robert J. McClaren*, for appellee Franklin County Children Services.

---

**APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch**

BROWN, J.

{¶ 1} T.S., appellant and a minor child, appeals the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, in which the court granted the motion of Franklin County Children Services ("FCCS"), appellee, for permanent court commitment ("PCC").

{¶ 2} Given our ultimate disposition of the appeal, we need not discuss the underlying facts of this case in great detail. T.S. is the child at issue in the present case and was nine years old at the time of the hearing before the trial court. His mother is J.S., and his paternity was undetermined. In August 2016, the trial court granted temporary custody of T.S. to FCCS, pursuant to an abuse, neglect, and dependency proceeding. On July 14, 2017, FCCS filed the instant motion for PCC. On March 27, 2018, the trial court

held an evidentiary hearing on the motion for PCC and, on May 11, 2018, the trial court granted FCCS's motion for PCC. Appellant presents the following assignment of error:

> THE TRIAL COURT ERRED IN GRANTING THE MOTION OF APPELLEE, FRANKLIN COUNTY CHILDREN'S SERVICES, FOR PERMANENT COURT COMMITMENT OF THE CHILD, [T.S.], AS TO HIS MOTHER.

{¶ 3} We must first address FCCS's argument that appellant does not have standing to appeal the judgment, and the appeal must be dismissed. FCCS argues that appellant's mother did not appeal the trial court's granting of PCC to FCCS and, thus, appellant lacks standing to raise an issue on behalf of a non-appealing party when that party could have appealed. Appellant claims he is pursuing this appeal on his own behalf and not on behalf of his mother, and that he has standing by virtue of having a right to be reared by his parents, lacking any finding by the trial court that his mother is unfit.

{¶ 4} " 'Standing' is defined at its most basic as '[a] party's right to make a legal claim or seek judicial enforcement of a duty or right.' " *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, ¶ 27, quoting *Black's Law Dictionary* 1442 (8th Ed.2004). If a party lacks standing, a court will not decide the merits of its dispute. *Util. Serv. Partners v. Pub. Util. Comm.*, 124 Ohio St.3d 284, 2009-Ohio-6764, ¶ 49. "A determination of standing necessarily looks to the rights of the individual parties to bring the action, as they must assert a personal stake in the outcome of the action in order to establish standing." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 23, citing *Ohio Pyro* at ¶ 27.

{¶ 5} An appellant whose rights or interests have been adversely affected by a lower court's final order is an aggrieved party and has standing to file an appeal. *In re Estate of Shepherd*, 9th Dist. No. 19239 (May 5, 1999). An appeal requires the appellant to be an aggrieved party because the purpose of an appeal is to correct errors that cause injury to an appellant and not to answer abstract questions. *Ohio Contract Carriers Assn., Inc. v. Pub. Util. Comm. of Ohio*, 140 Ohio St. 160 (1942), syllabus. In order to be an aggrieved party, the "party must be able to show that he has a present interest in the subject matter of the litigation and that he has been prejudiced by the judgment of the lower court." *In re Guardianship of Love*, 19 Ohio St.2d 111, 113 (1969).

{¶ 6}   In the present case, we believe our decision in *Hanna v. Hanna*, 177 Ohio App.3d 233, 2008-Ohio-3523 (10th Dist.), is instructive. In *Hanna*, the father filed a motion to reallocate parental rights and responsibilities, which the magistrate recommended denying. Both the child and the father filed objections to the magistrate's decision; however, the father subsequently withdrew his objections, leaving only the child's objections pending before the trial court. The court then dismissed the child's objections, finding the child lacked standing to pursue the objections.

{¶ 7}   The child in *Hanna* appealed, arguing the trial court erred in finding he lacked standing to file objections to the magistrate's decision because the trial court's act of joining him as a "party defendant" and appointing him independent legal representation in the custody modification proceeding was significant because: (1) it conferred standing upon him as a "party" independent of his parents' standing, and (2) Civ.R. 53(D)(3)(b)(i) expressly authorized him, as a "party," to file objections to the magistrate's decision. In rejecting the child's argument and finding that the minor child could not maintain objections to the magistrate's decision after the father withdrew his own objections to the decision, we explained:

> The question is not whether the minor child has a personal interest in the proceedings relating to custody modification; without question, the minor child has an interest in proceedings that involve such significant matters as where the child resides or spends his time. See *Schottenstein v. Schottenstein*, Franklin App. No. 00AP-1088, 2001-Ohio-3987, discretionary appeal not allowed, 98 Ohio St.3d 1210, 2003-Ohio-1088, 784 N.E.2d 1182. The question is whether the minor child has an independent legal right, separate and apart from his or her parents, to commence or maintain an action requesting the court to modify its prior custody decrees and grant shared custody. We conclude the child does not.
>
> According to the plain language in R.C. 3109.04(E)(1)(b), only plaintiff and defendant, as the minor child's parents, could invoke the court's continuing jurisdiction to modify a prior custody decree and grant shared parenting. The right of action is not in the child; it is in his parents and is jurisdictional. The minor child's status as a party is contingent upon (1) one or both of the minor child's parents bringing and maintaining the action under R.C. 3109.04(E)(1)(b), and (2) the court's exercise of its

continuing jurisdiction in the matter. Here, once plaintiff withdrew his own objections to the magistrate's decision that resolved and dismissed his motion requesting shared parenting, the minor child could no longer pursue his own objections to the magistrate's decision because he had no independent legal right to maintain the action. Accordingly, the trial court did not err in dismissing the minor child's objections.

Even if we assume the trial court improperly dismissed the minor child's objections, the minor child has failed to explain, and the record does not demonstrate, how the trial court's failure to rule on his objections prejudiced him. Cf. *All Climate Heating & Cooling, Inc. v. Zee Properties, Inc.* (May 17, 2001), Franklin App. No. 00AP-1141, 2001-Ohio-2167 (determining an attorney, who was not a named party in the action, had standing to file objections to and appeal the magistrate's decision imposing sanctions against him). The minor child's interest in the proceedings was not coextensive with his parents' interest. His limited interest in expressing his wishes concerning custody, though important, was no longer at issue once plaintiff decided to forego his motion and withdraw his own objections. The minor child thus could suffer no prejudice when the trial court dismissed his objections to the magistrate's decision, as he had no interest that remained at issue.

*Id.* at ¶ 13-15.

{¶ 8} Our holding in *Hanna* guides us in the present case. We do not believe the fact that *Hanna* addressed a child's standing to file objections to a magistrate's decision, as opposed to standing to appeal, undermines the core propositions set forth in *Hanna*. Here, appellant clearly has a "personal interest" in the present case, as the minor child subject to a motion for PCC. However, similar to the child in *Hanna*, appellant's interest in the present proceedings was not coextensive with his mother's interest. His limited interest in expressing his wishes to the court under R.C. 2151.414(D)(1), though clearly important, was no longer at issue once his mother failed to appeal. Pursuant to this limited interest, appellant had the opportunity to express his desires to the court in an in camera interview to aid the court in its best-interest analysis and have his interests represented by separate counsel and a guardian ad litem at trial.

{¶ 9}   Furthermore, similar to our reasoning in *Hanna* that R.C. 3109.04(E)(1)(b) permits only the minor child's parents to invoke the court's continuing jurisdiction to modify a prior custody decree, R.C. 2151.413 grants only a public children services agency or private child placing agency the right to file a motion for PCC. The right of the current PCC action was not in appellant; it was in FCCS. R.C. 2151.414(F) specifically acknowledges a parent's right to appeal a PCC determination after an adverse ruling, but makes no mention of a child's right to appeal. Thus, with neither FCCS nor mother appealing, appellant had no independent legal right, separate and apart from FCCS and mother, to pursue an appeal. Therefore, we find that appellant, as the minor child at issue in this PCC case, had no standing to maintain his own appeal when neither FCCS nor his mother appealed the trial court's granting of PCC.

{¶ 10}   Accordingly, appellant's appeal is dismissed based on lack of standing.

*Appeal dismissed.*

SADLER and BRUNNER, JJ., concur.

_____