[Cite as *Hartman v. Hartman*, 2019-Ohio-1637.]

[Please see vacated opinion at 2019-Ohio-177.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 107251

---

# TAMAR A. HARTMAN

### PLAINTIFF-APPELLEE

vs.

# DALE M. HARTMAN

### DEFENDANT-APPELLANT

---

### JUDGMENT:
### REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-15-360167

**BEFORE:**   E.T. Gallagher, P.J., Laster Mays, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:**   May 2, 2019

**ATTORNEY FOR APPELLANT**

Dale M. Hartman, pro se
2195 South Green Road
University Heights, Ohio 44121


**ATTORNEY FOR APPELLEE**

Mary Sotera
Weston Hurd, L.L.P.
The Tower at Erieview
1301 East 9th St., Suite 1901
Cleveland, Ohio 44114

ON RECONSIDERATION[1]

EILEEN T. GALLAGHER, P.J.:

{¶1} Defendant-appellant, Dale M. Hartman ("appellant"), appeals pro se from the trial court's modification of the parenting plan he entered into with his former wife, plaintiff-appellee, Tamar Hartman ("appellee"). He raises the following assignments of error for review:

1. The trial court erred in issuing a void post-decree entry when there was no pending justiciable controversy.

2. The domestic relations court violated appellant's right to due process.

{¶2} After careful review of the record and relevant case law, we reverse the trial court's judgment.

## I. Procedural and Factual History

{¶3} Appellant and appellee were married in March 2002. They have two minor children together. In December 2015, appellee filed a complaint against appellant, seeking a divorce, allocation of parental rights and responsibilities, child support, spousal support, mutual restraining orders, and attorney fees.

{¶4} On April 28, 2017, the trial court ordered the parties to "participate in the court's case management services and cooperate with the forensic case manager, the

---

[1] The original announcement of decision, *Hartman v. Hartman*, 8th Dist. Cuyahoga No. 107251, 2019-Ohio-177, released January 17, 2019, is hereby vacated. This opinion, issued upon reconsideration, is the court's journalized decision in this appeal. *See* App.R. 22(C); *see also* S.Ct.Prac.R 7.01. This court deemed reconsideration necessary based on the court's mischaracterization of the parties' parenting plan as a "shared" parenting plan.

children's mental health providers, and other religious and medical professionals to resolve parenting disputes including, but not limited to, issues of communication and transitions between households." The order further provided that the parties' compliance with the case management services would be administratively reviewed by the trial court in December 2017.

{¶5} On May 31, 2017, the trial court issued a decree of divorce, which granted the parties a divorce and designated appellee as the children's residential parent and legal custodian. The divorce decree further incorporated the parties' agreed upon separation agreement and parenting plan. Relevant to this appeal, the parenting plan set forth the parties' parental rights and responsibilities; compiled a parenting time schedule; required the parties to communicate with each other by using a program called "Our Family Wizard"; and provided detailed guidelines for how the parents were to communicate and conduct themselves during their "possession time." The plan further required the parties to continue their use of the domestic relations case management services and parenting coordinator, Dr. Heather Bohn. Finally, the parties were ordered to make "in kind" contributions for their children's education, uninsured medical expenses, uninsured psychological expenses, and extracurricular activity expenses.

{¶6} On December 4, 2017, the trial court issued a journal entry that set an administrative review hearing for April 30, 2018. The purpose of the hearing was to assess the parties' progress with the court ordered case-management services. Notice of the hearing was sent to the parties on December 5, 2017. Prior to the administrative

review hearing, the trial court scheduled an attorney conference to be held before the court on February 21, 2018. The docket, however, does not contain an entry indicating whether the February 21, 2018 attorney conference was held, and if so, who appeared before the court. Nor does the docket contain an entry indicating whether the April 30, 2018 administrative review hearing was held, and if so, who appeared before the court. Instead, the next entry set forth in the record is a judgment entry, dated May 1, 2018, which ordered the parties to comply with the following amendments to the parenting plan:

1. Both parents shall check [Our Family Wizard] daily and when they receive notifications of new messages. Text messages and phone calls are reserved for emergency.

2. The parenting time schedule should be adhered to with both parents sending both children to the other parent at exchanges per the court ordered times. Deviations in the schedule must be discussed beforehand, including an [Our Family Wizard] message 48 hours before Shabbos, if the change will occur on Shabbos and 24 hours before the change on weekdays. An exception would be if an emergency occurs or medical care is required, then the parent should notify as soon as he/she is able.

3. If the children will be absent from school, the parent who is aware of the absence should let the other parent know through [Our Family Wizard] before 12 p.m. on the day of the absence.

4. If there will be a deviation in pick up or drop off, including time or location, let the other parent know immediately when the information is obtained and by at least 24 hours before the change. If the change is due to sickness and school absence, notify the other parent by 12 p.m. of the change when the parent is notified of the child's absence.

5. If the children will have an extracurricular activity or event during the other parent's time, please let the other parent know immediately or within 24 hours of the event.

6.    If a major change will be made in the children's school schedule or educational programming, please let the other parent know within 24 hours of being notified about the information.

7.    If there is no school or the children miss school, the after school parent time pick up should occur at 3 p.m.   If there will be a deviation in this time, please communicate on [our Family Wizard] immediately and with more than 24 hours' notice.

8.    If a doctor's appointment is made for the children, let the other parent know when it is made on [Our Family Wizard].   Within 24 hours after the doctor's appointment occurs, update the other parent about the outcome and summary of the appointment.   An exception would be an emergency medical event that requires one's attention to the children and immediate notification as soon as a parent is able.

9.    Father shall continue to call the children at 8 p.m.   Mother shall instruct the children to answer the telephone.   If the children do not wish to talk, they can inform their father themselves.   Father shall respect the child's preference.   Father should then address this issue with Dr. Miller.

10.    Neither parent shall expose the children to [Our Family Wizard] messages.   Ensure that the children are not reading the messages.

11.    If the children miss parenting time due to one parent's behavior, that parent shall offer make up time.

12.    Treatment with Dr. Miller shall continue.   Both parents should make sure this occurs.

13.    Mother shall sign releases to allow Dr. Eilback to communicate with Father.   Said communication with Father can be a method chosen by Dr. Eilback.   Mother shall request that Dr. Eilback communicate with Father after or during appointments.

14.    Cost for Dr. Miller is shared by the parents per the divorce decree, regardless of who attends sessions.   Dr. Miller can structure the sessions as he recommends.

15.    The children are not to be involved in adult matters or financial issues such as therapy being cancelled.   They do not need to know who canceled therapy or why.

**{¶7}** Appellant now appeals from the trial court's judgment.

## II. Law and Analysis

**{¶8}** In his first assignment of error, appellant argues the trial court erred in issuing a void post-decree entry when there was no pending justiciable controversy. Appellant contends that at the time the trial court issued its May 1, 2018 order, the court lacked continuing jurisdiction to make "substantial changes regarding parenting time, phone calls, healthcare and support." In his second assignment of error, appellant argues the trial court violated his right to due process by issuing the May 1, 2018 order without holding a hearing or providing him with the opportunity to be heard. We address these assigned errors together for clarity.

**{¶9}** Divorce and ancillary custody actions are purely matters of statute. *Hanna v. Hanna*, 177 Ohio App.3d 233, 2008-Ohio-3523, 894 N.E.2d 355, ¶ 9 (10th Dist.), citing *Shively v. Shively*, 10th Dist. Franklin No. 94APF02-249, 1994 Ohio App. LEXIS 4130 (Sept. 22, 1994). Accordingly, we begin our analysis by assessing the statutory framework supporting the trial court's modification of the parenting plan in this case.

**{¶10}** On appeal, and in his motion for reconsideration, appellant maintains the trial court's May 1, 2018 order amounted to a modification of "a prior decree allocating parental rights and responsibilities." He therefore argues that the court was required to follow the mandates of R.C. 3109.04.

**{¶11}** "R.C. 3109.04 governs the domestic relations court's allocation of parental rights and responsibilities and sets forth the procedures and standards courts are to use in

proceedings pertaining to such matters." *Id*. at ¶ 10, citing *Braatz v. Braatz*, 85 Ohio St.3d 40, 706 N.E.2d 1218 (1999).

{¶12} R.C. 3109.04(A)(1) provides, in relevant part:

the court, in a manner consistent with the best interest of the children, shall allocate the parental rights and responsibilities for the care of the children primarily to one of the parents, designate that parent as the residential parent and the legal custodian of the child, and divide between the parents the other rights and responsibilities for the care of the children, including, but not limited to, the responsibility to provide support for the children and the right of the parent who is not the residential parent to have continuing contact with the children.

{¶13} In this case, the divorce decree allocated parental rights and responsibilities; and designated appellee as the children's residential parent and legal custodian. In addition, the divorce decree incorporated the parties' parenting plan that, in compliance with R.C. 3109.04(A)(1), "divided between the parents other rights and responsibilities for the children," including the conditions and mechanisms of visitation.

{¶14} R.C. 3109.04(E)(1) sets forth the procedure for modifying a prior decree allocating parental rights and responsibilities for the care of children. It provides, in relevant part:

The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child.

{¶15} Thus, "when a court modifies a prior decree allocating parental rights and responsibilities, which includes a change in the designation of the residential parent or

legal custodian, the court must find that a change in circumstance has occurred." *Picciano v. Lowers*, 4th Dist. Washington No. 08CA38, 2009-Ohio-3780, ¶ 20, citing *Fisher v. Hasenjager*, 116 Ohio St.3d 53, 2007-Ohio-5589, 876 N.E.2d 546, ¶ 26. If a change of circumstances is demonstrated, the trial court must then determine whether the "modification is necessary to serve the best interest of the child." R.C. 3109.04(E)(1)(a).

{¶16} Appellee disputes appellant's characterization of the proceedings, and argues that the trial court's May 1, 2018 order did not modify the allocation of parental rights and responsibilities. We agree. The Ohio Supreme Court has explained that the allocation of parental rights and responsibilities equates to the designation of the residential parent and legal custodian. *Hasenjager* at ¶ 26. Thus, R.C. 3109.04(E)(1)(a) applies only "when a court modifies an order designating the residential parent and legal custodian." *Id.* This is because the statutory reference to modification of parental rights and responsibilities is a reference to custody and control, not visitation. *Braatz*, 85 Ohio St.3d 40, at 43, 706 N.E.2d 1218. Consequently, when one parent is the legal custodian, modifications to visitation or parenting time are not governed by R.C. 3109.04(E)(1)(a). Rather, such modifications are subject to R.C. 3109.051. *In re J.H.*, 8th Dist. Cuyahoga No. 106658, 2019-Ohio-9, ¶ 29.

{¶17} In this case, the trial court's May 1, 2018 order did not modify the allocation of parental rights and responsibilities. Appellee remains the residential parent and legal custodian of the children. However, the court's order did add new terms and obligations

to the parenting plan, including additional conditions for how the parties are to communicate and conduct themselves while in possession of the children. Under these circumstances, the additional terms and conditions set forth in the May 1, 2018 order amounted to more than a mere clarification of its prior order. Rather, the trial court's implementation of the15 new conditions of visitation constituted a substantive modification of the original parenting plan's visitation guidelines.[2] Thus, R.C. 3109.051 is controlling.

{¶18} "Under R.C. 3109.051, a trial court is permitted to modify visitation rights if it determines that the modification is in the child's best interest." *Lisboa v. Lisboa*, 8th Dist. Cuyahoga No. 92321, 2009-Ohio-5228, ¶ 11; *see also In re A.J.*, 8th Dist. Cuyahoga No. 99881, 2013-Ohio-5737, ¶ 10. In determining whether a modification is in the child's best interest, the court is guided by the factors set forth in R.C. 3109.051(D), including:

> (1) The prior interaction and interrelationships of the child with the child's parents, siblings, and other persons related by consanguinity or affinity, and with the person who requested companionship or visitation if that person is not a parent, sibling, or relative of the child;
>
> * * *
>
> (3) The child's and parents' available time, including, but not limited to, each parent's employment schedule, the child's school schedule, and the child's and the parents' holiday and vacation schedule;

---

[2] We note that there is nothing in this record to suggest that the trial court's May 1, 2018 order was premised on a decision of the parenting coordinator that was issued and filed with the court pursuant to Loc.R. 38(G)(2) of the Court of Common Pleas of Cuyahoga County, Domestic Relations Division.

(4) The age of the child;

(5) The child's adjustment to home, school, and community;

* * *

(10) Each parent's willingness to reschedule missed parenting time and to facilitate the other parent's parenting time rights, and with respect to a person who requested companionship or visitation, the willingness of that person to reschedule missed visitation;

* * *

(13) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;

* * *

(16) Any other factor in the best interest of the child.

R.C. 3109.051(D).

{¶19} With respect to the foregoing best interest factors, appellant does not dispute the merits of the specific provisions contained in the modification order and concedes that "some portions" of the judgment are favorable to him. Nevertheless, he maintains that "absent an extraordinary emergency situation," the trial court lacked jurisdiction to enter the May 31, 2018 order and, therefore, the entry is void and must be reversed.

{¶20} We begin by noting that the court in which a decree of divorce is originally rendered retains continuing jurisdiction over matters relating to the custody, care, and support of the minor children of the parties. *In re Poling*, 64 Ohio St.3d 211, 215, 594 N.E.2d 589 (1992), citing *Corbett v. Corbett*, 123 Ohio St. 76, 174 N.E. 10 (1930). This

includes orders of visitation. *Pulice v. Collins*, 8th Dist. Cuyahoga No. 86669, 2006-Ohio-3950, ¶ 10.

{¶21} Civ.R. 75(J) governs the procedure for invoking the continuing jurisdiction of the court following a final judgment. It states:

> The continuing jurisdiction of the court shall be invoked by motion filed in the original action, notice of which shall be served in the manner provided for the service of process under Civ.R. 4 to 4.6. When the continuing jurisdiction of the court is invoked pursuant to this division, the discovery procedures set forth in Civ.R. 26 to 37 shall apply.

{¶22} It is undisputed that neither appellant or appellee filed a formal motion to modify matters relating to the custody, care, or support of their children. Thus, it is questionable whether the court's continuing jurisdiction to modify visitation under R.C. 3109.051 was sufficiently invoked pursuant to Civ.R. 75(J). Nevertheless, without assessing whether the trial court had continuing jurisdiction to issue a sua sponte modification, we find the record supports appellant's contention that he was not afforded due process in this matter.

{¶23} Under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 16, of the Ohio Constitution, parties are entitled to reasonable notice of judicial proceedings and a reasonable opportunity to be heard. *Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 125, 502 N.E.2d 599 (1986). Thus, it has routinely been stated that the fundamental "'requirement of due process in any proceeding * * * is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and

afford them an opportunity to present their objections.'" *Armstrong v. Manzo*, 380 U.S. 545, 550, 85 S.Ct. 1187 14 L.Ed.2d 62 (1965), quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

**{¶24}** In this case, counsel for appellee maintains that the parties appeared before the court on April 30, 2018 for an administrative review hearing and addressed the circumstances warranting the court's May 1, 2018 order. While such a hearing may have been held, the record before this court simply does not contain an entry reflecting that the hearing actually occurred. Beyond an entry indicating that an attorney conference was scheduled for February 21, 2018, the docket contains no entries between the December 4, 2017 entry that scheduled the administrative review hearing, and the May 1, 2018 order modifying the parenting plan. Thus, the record does not support the contention that appellant had the opportunity to be heard, either in writing or in person.

**{¶25}** The record is equally silent on the issue of notice. Here, appellant understood the trial court would be reviewing the parties' progress with the case management services, presumably in an effort to assess the status of the on-going "parenting disputes" the program sought to remedy. However, we find no language in the relevant journal entries to suggest appellant was notified, prior to the May 1, 2018 order, that the trial court might, in its discretion, modify the terms of the parties' agreed-upon parenting plan based on the information provided to the court by the parenting coordinator.

{¶26} In the absence of adequate notice, a formal motion to modify, or a designation in the record that the parties had the opportunity to oppose the modifications, this court is unable to conclude that appellant was afforded due process.   In short, the record does not support appellee's position that appellant had knowledge of the proposed modifications and the opportunity to debate their merits before the final order was entered.

{¶27} We recognize that the additions, or modifications, to the parenting plan were made in an effort to resolve specific points of contention that developed after the execution of the divorce decree.   The more definitive and practical conditions of the modification order sought to promote common decency amongst the parties during the interactions and communications that are inherently necessary when raising children together pursuant to a parenting plan.   Unquestionably, the court was acting in the children's best interests.   However, this court's review is bound by the record placed before it.   Accordingly, we are compelled to reverse the trial court's judgment and vacate the May 1, 2018 order.   Appellant's second assignment of error is sustained. The first assignment of error is rendered moot.

{¶28} Judgment reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR