[Cite as *Hudson & Keyse L.L.C. v. Sherrills*, 2022-Ohio-126.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| HUDSON & KEYSE LLC, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 110366 |
| v. | : | |
| DENISE L. SHERRILLS, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 20, 2022

Civil Appeal from the Lakewood Municipal Court
Case No. 2009-CVF-02022

***Appearances:***

Denise Sherrills, *pro se.*

FRANK D. CELEBREZZE, JR., P.J.:

{¶ 1} Appellant Denise Sherrills ("appellant") appeals the judgment of the Lakewood Municipal Court reviving the dormant judgment of appellee Hudson & Keyse LLC ("Hudson & Keyse"). After a thorough review of the applicable law and facts, we affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶ 2}  Hudson & Keyse originally filed suit against appellant in 2009, seeking collection of a debt that it claimed had been assigned to it by Huntington National Bank.  Certified mail service was issued, which was unclaimed.  Service was later made on appellant via ordinary mail.

{¶ 3}  After appellant failed to answer, Hudson & Keyse moved for default judgment, which was granted in the amount of $3,386.24, plus 5 percent interest.

{¶ 4}  Hudson & Keyse did not execute upon the judgment, and after five years, it was rendered dormant.  On December 15, 2020, Hudson & Keyse filed a motion for revivor of dormant judgment.  Appellant was served with the motion and filed her opposition thereto.

{¶ 5}  The trial court held an evidentiary hearing on the motion for revivor. Appellant and counsel for Hudson & Keyse both appeared in court.  In its entry following the hearing, the court noted,

> Although an attorney appeared for the plaintiff, the attorney was not counsel of record and did not comply with the requirements of Civil Rule 3 to file a notice of limited appearance.  The case was heard and submitted.

> Subsequent to the hearing and after the defendant departed the court, the attorney for the plaintiff came back to the court and filed a notice of limited appearance and brief in opposition to the defendant's objections.  The affect [sic] of the attorney's action was to attempt to do indirectly that which he could not do directly due to the failure to comply with the Ohio Rules of Civil Procedure and file the required notice of limited appearance.  Moreover, the brief filed by the attorney was done after the hearing was concluded and without leave of court, all of which is an attempt to prevail on the motion without notice to the defendant.

**{¶ 6}** In the interest of justice, the court scheduled an additional hearing on the motion. Appellee's counsel then filed a proper notice of limited appearance. Appellant, in turn, filed an objection/answer. Following the scheduled hearing, the court noted as follows:

> This case was called for a hearing on the defendant's objections to the plaintiff's motion to revive a dormant judgment. A prior hearing was continued due to procedural issues and the case was continued for hearing to March 4, 2021 at 9:30 a.m. The defendant and counsel for the plaintiff were present in court and given the notice of the March 4, 2021 hearing.
>
> The case was called with only counsel for the plaintiff present in court. The court waited a reasonable period of time in case the defendant might appear, but after that time expired and no notice by the defendant, the case proceeded. After the conclusion of the case and counsel for the plaintiff left, the defendant appeared for the hearing. The defendant filed objections to the motion for revivor and submitted her objections to the clerk for filing. The record shows that the defendant did not provide a copy of her objections to the plaintiff.

**{¶ 7}** The court ultimately granted the motion to revive judgment, noting that appellant's objections to revivor included a collateral attack on the underlying judgment that it could not consider. The court overruled appellant's objections and declared the judgment entered December 8, 2009, revived and in full force and effect for execution.

**{¶ 8}** Appellant then filed the instant appeal, raising the following three paraphrased assignments of error for our review:

> 1. The trial court erred and abused its discretion in determining Hudson & Keyse, LLC, properly notified appellant in 2009, by certified mail at her address in Euclid, OH. The court further erred by allowing Hudson & Keyse to be awarded money that appellant was unaware that she owed. Appellant was not permitted to have her day in court to

defend against the action because she was never served at her address and regular mail was sent to an address in Lakewood, Ohio.

2. The trial court erred and abused its discretion in permitting an attorney who was not counsel for Hudson & Keyse LLC to attend the hearing and present filings in the case.

3. The trial court erred and abused its discretion in allowing the additional attorney to represent Hudson & Keyse, LLC, which no longer exists, and by not continuing the hearing when she was ten minutes late.

## II. Law and Analysis

{¶ 9} Appellant's first assignment of error attempts to attack the judgment by alleging that she was not properly served with the complaint. In her opposition to the motion for revivor, appellant argued that it was beyond the ten years provided for a dormant judgment, and thus the trial court erred in reviving the judgment.

{¶ 10} R.C. 2325.15 provides that when a judgment is dormant, it may be revived. R.C. 2325.18 requires that an action to revive a judgment be brought within ten years from the time the judgment became dormant. In the instant matter, the court noted that the judgment became dormant when it was not executed on for five years after the judgment was entered.

{¶ 11} A motion for revivor of a dormant judgment should be granted in the amount the judge finds still due and unsatisfied unless sufficient cause is shown to the contrary. *Worldwide Asset Purchasing, L.L.C. v. Shuster*, 8th Dist. Cuyahoga No. 107431, 2019-Ohio-1441, ¶ 11, citing *Columbus Check Cashers v. Cary*, 196 Ohio App.3d 132, 2011-Ohio-1091, 962 N.E.2d 812, ¶ 15 (10th Dist.). A trial court holds a hearing on the motion for revivor, not a trial. "'Seeking to revive a judgment does

not involve the creation of a new action, but merely the institution of a special proceeding within the original action.'" *Id.* at ¶ 19, quoting *Bartol v. Eckert*, 50 Ohio St. 31, 45, 33 N.E.294 (1893).

{¶ 12} In her appellate brief, appellant appears to have abandoned her argument about the timing of revivor and instead contends that the statute of limitations had run on the debt Hudson & Keyes was seeking to collect, although she does not provide any specific arguments regarding this proposition. App.R. 12 outlines the parameters of the appellate court's exercise of its reviewing powers and provides that a court of appeals is not required to consider errors that were not assigned and argued. *Hungler v. Cincinnati*, 25 Ohio St.3d 338, 341, 496 N.E.2d 912 (1986). "[E]rrors not specifically pointed out in the record and separately argued by brief may be disregarded." *State v. Hill*, 8th Dist. Cuyahoga No. 70930, 1997 Ohio App. LEXIS 3006, 12 (July 10, 1997), citing *C. Miller Chevrolet v. Willoughby Hills*, 38 Ohio St.2d 298, 313 N.E.2d 400 (1974).

{¶ 13} We find that appellant's brief did not present any argument or authority in support of her statute-of-limitations argument, and we decline to craft an argument for her.

{¶ 14} However, even if appellant had fully addressed this argument, we note that appellant did not raise the issue of the statute of limitations with regard to the collection of the debt in the trial court and has only raised it on appeal. "[A] party cannot raise new arguments and legal issues for the first time on appeal, and that failure to raise an issue before the trial court waives that issue for appellate

purposes." *Miller v. Cardinal Care Mgt.*, 8th Dist. Cuyahoga No. 107730, 2019-Ohio-2826, ¶ 23, citing *Cleveland Town Ctr., L.L.C. v. Fin. Exchange Co. of Ohio, Inc.*, 2017-Ohio-384, 83 N.E.3d 383, ¶ 28 (8th Dist.); *Kalish v. Trans World Airlines, Inc.*, 50 Ohio St.2d 73, 79, 362 N.E.2d 994 (1977) (appellate courts "will not consider a question not presented, considered, or decided by a lower court"). Thus, we will not consider this argument for the first time on appeal.

{¶ 15} Appellant's first assignment of error also raises issues with service of the original complaint and appellant's claimed lack of knowledge of the case. "A challenge to the validity of the judgment cannot be asserted in a revivor proceeding." *Huntington Natl. Bank v. Haas*, 2019-Ohio-2556, 139 N.E.3d 601, ¶ 17 (5th Dist.), citing *Thompson v. Bayer*, 5th Dist. Fairfield No. 2011-CA-00007, 2011-Ohio-5897. As noted by the trial court, an objection to a motion to revive a dormant judgment is limited to the issue of the revivor, not the underlying merits of the judgment. In other words, objections to a motion for revivor may not be used to collaterally attack the validity of the judgment or raise any defense that existed prior to the entry of judgment. *Heselden Plumbing Co. v. Justice*, 10th Dist. Franklin No. 85AP-733, 1986 Ohio App. LEXIS 5950 (Mar. 13, 1986). "Ohio courts have held that, in order to bar the revivor of a judgment, the debtor must show 'the judgment has been *paid, settled or barred by the statute of limitations.*'" (Emphasis sic.) *Dillon v. Four Dev. Co.*, 6th Dist. Lucas No. L-04-1384, 2005-Ohio-5253, ¶ 17, quoting *Heselden* at 7.

{¶ 16} Consequently, any issues related to service and the validity of the judgment cannot be considered with regard to the motion for revivor. Such issues

are properly presented to the trial court in a motion for relief from judgment.  The trial court did not err in granting the motion for revivor, and appellant's first assignment of error is overruled.

{¶ 17} In her second assignment of error, appellant contends that the trial court erred by allowing the attorney for Hudson & Keyse to continue to be on the case when he was not proper counsel.  Appellant appears to be referring to the fact that an attorney who was not counsel of record appeared at the first scheduled hearing on the motion for revivor.  The court noted that counsel for Hudson & Keyse appeared, but he was not counsel of record and had not complied with Civ.R. 3 with regard to filing a notice of limited appearance.

{¶ 18} The attorney subsequently attempted to file the proper notice, but the court noted that it was *after* the hearing and filed without leave of court.  In the interest of justice, the court scheduled an additional evidentiary hearing on the motion for revivor.  In the intervening time, it appears that the attorney filed the appropriate notice of appearance, and counsel for Hudson & Keyse properly appeared at the additional hearing.  Thus, we cannot find that the court erred, and appellant's second assignment of error is overruled.

{¶ 19} Appellant's third assignment of error essentially argues that a judgment should not have been awarded in favor of Hudson & Keyse when it no longer exists and that the court improperly held the hearing without her even though she was only ten minutes late.  Appellant does not provide any arguments in support of this assignment of error and, again, it is not our obligation to craft arguments for

her.  However, as noted above, any issues regarding the validity of the award in favor of Hudson & Keyse would not be appropriately considered in a motion for revivor.

{¶ 20} Moreover, the court explained that it waited a reasonable period of time for appellant, but she did not appear in time for the hearing.  We have previously noted that a pro se litigant is presumed to have knowledge of the law and of correct legal procedure and is held to the same standards as all other litigants. *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363, 676 N.E.2d 171 (8th Dist.1996).  Nevertheless, we further acknowledge that "[u]nder the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 16, of the Ohio Constitution, parties are entitled to reasonable notice of judicial proceedings and a reasonable opportunity to be heard."  *Hartman v. Hartman*, 8th Dist. Cuyahoga No. 107251, 2019-Ohio-1637, ¶ 23, citing *Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 125, 502 N.E.2d 599 (1986).

{¶ 21} In the instant matter, appellant was provided reasonable notice of the hearing because she was present in the court when it was rescheduled.  In addition, the court stated that it waited a reasonable time for appellant to appear at the rescheduled hearing.  Thus, we find that the trial court did not err in holding the hearing without appellant, and appellant's third assignment of error is overruled.

### III. Conclusion

{¶ 22} The trial court did not err in granting the motion to revive dormant judgment.  The arguments raised by appellant in her objection were appropriate for

a motion for relief from judgment but could not be considered with regard to a motion for revivor. All of appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EMANUELLA D. GROVES, J., CONCUR