CITY OF CLEVELAND, EX REL. NEELON, APPELLANT, *v.*
LOCHER ET AL., APPELLEES. ■

(No. 69-590—Decided February 10, 1971.)

50

*Mr. Thomas J. Friel* and *Mr. John G. Gill*, for appellants.

*Mr. Clarence J. James, Jr.*, director of law, *Mr. Robert S. Wilson, Jr.*, and *Mr. Lloyd B. Silverman*, for appellees.

O'NEILL, C. J. The basic question raised by this case is as follows:

Where a plain and unmistakably clear provision in a city charter is not self-executing, but is followed by a provision that council shall, by ordinance, provide for the enforcement of such provision, does mandamus lie to compel the council to enact such an ordinance?

It should be pointed out that city firemen are city employees and have a direct interest in this matter. It must be further noted that the appointment of such municipal employees is a matter of local self-government. *State, ex rel. Canada,* v. *Phillips* (1958), 168 Ohio St. 191, 151 N. E. 2d 722.

It is argued that firemen's hours are controlled by R. C. 4115.02 (formerly G. C. 17-1a) which was held valid in *State, ex rel. Strain,* v. *Houston* (1941), 138 Ohio St. 203, 34 N. E. 2d 219. It is not necessary in the present

case to consider how such decision may have been affected by our subsequent decision in *State, ex rel. Lynch,* v. *Cleveland* (1956), 164 Ohio St. 437, 132 N. E. 2d 118; *State, ex rel. Canada,* v. *Phillips* (1958), 168 Ohio St. 191, 151 N. E. 2d 722; or *Village of West Jefferson* v. *Robinson* (1965), 1 Ohio St. 2d 113, 205 N. E. 2d 382; or the applicability of such section in relation to charter cites.

It is also unnecessary to consider whether a state law may be enacted under Section 34, Article II of the Ohio Constitution, which would establish the actual working hours of firemen.

R. C. 4115.02 does not attempt to establish the actual working hours of firemen as such. Such section merely establishes the maximum number of hours that a fireman may be compelled to work. It does not, by its own terms, compel that the hours set forth therein be worked, nor does it prohibit a schedule of work for a lesser number of hours.

The charter provision with which we are presently concerned provides for a lesser number of hours for city employees and does not except from its terms firemen, and, thus, it does not conflict with the provisions of R. C. 4115.02.

This brings us to a consideration of whether this court will issue a writ of mandamus to compel a city council to enact legislation.

The extraordinary remedy of mandamus will lie to compel the performance of a duty specifically enjoined by law. *State, ex rel. Brophy,* v. *Crawford* (1934), 127 Ohio St. 580, 190 N. E. 2°1; *State, ex rel. Selected Properties,* v. *Gottfried* (1955), 163 Ohio St. 469, 127 N. E. 2d 371. While it does not lie to control discretion, it does lie to compel the exercise of discretion. *State, ex rel. Brophy,* v. *Crawford, supra*; *State, ex rel. Masters,* v. *Beamer* (1923), 109 Ohio St. 133, 141 N. E. 851.

The municipal charter is basically the constitution of the municipality. Here, we have a charter provision which specifically directs that council shall enact appropriate legislation to effectuate the purpose of the charter provision. It is a clear legal mandate which places an affirmative duty on the council to act.

Although it is ordinarily stated that mandamus does not lie to compel a legislative body to enact legislation on the basis that this would infringe on the doctrine of separation of powers, there are instances in which such a rule cannot apply. Thus, a court may determine that an act or statute is invalid because it is contrary to the Constitution and compel its amendment. *Baker* v. *Carr* (1962), 369 U. S. 186. Similarly, where a constitution or a charter imposes a mandatory duty upon a legislative body to enact legislation to give life to a constitutional provision, a court may compel the legislative body to act. Under such circumstances, a court may compel the legislative body to act, but it cannot direct the course of action.

Where a city charter requires that city council *shall* enact ordinances to provide for the enforcement or execution of a particular provision of the charter, a mandatory duty is placed upon city council to comply with that requirement of the charter, and mandamus will lie to compel the council to act. *State, ex rel. Scott,* v. *Masterson* (1962), 173 Ohio St. 402, 183 N. E. 2d 376. See, also, *State, ex rel. Foster,* v. *Bd. of County Commrs.* (1968), 16 Ohio St. 2d 89, 242 N. E. 2d 884.

If the members of a legislative body can ignore, with impunity, the mandates of a constitution or a city charter, then it is certain that the faith of the people in constitutional government will be undermined and eventually eroded completely.

In the instant case, the city charter provision imposes a clear and mandatory duty on city council to enact legislation to provide for the enforcement of the charter provision creating a 48-hour work week for city employees.

The charter provision is clear on its face. If, because of the peculiar circumstances surrounding the operation of a fire department, such a work week is not feasible, the remedy lies in an amendment of the charter, not in a refusal to comply with the present clear dictates of the charter provision.

There being a mandatory duty on city council to enact such legislation, the judgment of the Court of Appeals

denying a writ of mandamus is reversed and the writ is allowed.

*Judgment reversed and writ allowed.*

SCHNEIDER, HERBERT, DUNCAN, JOHNSON and LEACH, JJ., concur.
STERN, J., not participating.

JOHNSON, J., of the Seventh Appellate District, sitting for CORRIGAN, J.