[Cite as *State ex rel. Carlson v. State Bd. of Pharmacy*, 2018-Ohio-3102.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO EX REL.
RAYMOND R. CARLSON, R.PH.,

Relator,

v.

THE STATE OF OHIO BOARD
OF PHARMACY,

Respondent.

---

**OPINION AND JUDGMENT ENTRY**
**Case No.** 18 MA 0006

---

Petition for Peremptory Writ of Mandamus or
Alternative Writ of Mandamus

**BEFORE:**
Carol Ann Robb, Gene Donofrio, Cheryl L. Waite, Judges.

**JUDGMENT:**
Petition is Dismissed.

---

*State of Ohio ex rel. Raymond R. Carlson, R.Ph.*, *pro se,* 2375 South High Street. 17th Floor Columbus, Ohio 43215 for Relator and

*Atty. Yvonne Tertel,* Principle Assistant Attorney General, Ohio Attorney General's Office, Health and Human Services Section, 30 East Broad Street, 26th floor, Columbus, Ohio 43215., for Respondent and

*Brandon Bourgeois R.PH, pro se,* 9401Mentor Avenue, PMB 121 Mentor, Ohio  44060, for Amicus Curiae

Dated: July 31, 2018

**PER CURIAM.**

**{¶1}**   Relator Raymond R. Carlson, R.Ph., has filed a petition for a peremptory writ of mandamus, or in the alternative a writ of mandamus, to require Respondent The State of Ohio Board of Pharmacy to enforce R.C. 4729.25 which governs Respondent's enforcement and investigation obligations.  Respondent has filed a motion to dismiss arguing Petitioner lacks standing and mandamus cannot be used to control how it exercises its discretionary, administrative authority.

**{¶2}**   Relator is a licensed pharmacist who owns and operates his own pharmacy.  He is also the founder of the Eastern Ohio Pharmacists Association (EOPA).  The organization is comprised of pharmacists from Mahoning, Trumbull, Columbiana, Geauga, Lake, and Ashtabula counties.  According to Relator, he founded the organization after he received an insurance contract from a Prescription Benefit Manager at his pharmacy containing a clause which prohibited him to "say anything negative" about the patient, physician, insurance company, or anyone associated with the care of the patient.  He contends he and other pharmacists view this clause as impeding the lawful duty to challenge the legitimacy of a prescription.  He also argues workplace conditions in pharmacies are such that pharmacists are unable to practice pharmacy in compliance with R.C. 4729.25 and its administrative regulations.

**{¶3}**   Respondent "is the single State agency in Ohio responsible for administering and enforcing laws governing the practice of pharmacy and the legal distribution of drugs." State of Ohio Board of Pharmacy, *About*, https://pharmacy.ohio.gov/About/General.aspx (accessed May 8, 2018).  Its mission statement is "The State of Ohio Board of Pharmacy shall act efficiently, consistently, and impartially in the public interest to pursue optimal standards of practice through communication, education, legislation, licensing, and enforcement." *Id.* Respondent must enforce all laws relating to pharmacists and dangerous drugs and may adopt rules

and regulations as necessary to enforce the laws as to the practice of pharmacy:  R.C. 4729.25.  If it has information that any provisions regarding pharmacists and dangerous drugs have been violated, then it will investigate the matter and take such action as it considers appropriate. R.C. 4729.25(A).  The rules pertinent to the practice of pharmacy are found in Ohio Adm.Code 4729-5 et seq.

*Standing*

{¶4}  Before an Ohio court can consider a legal claim for merit, the party seeking relief must have standing to sue. *Moore v. Middletown*, 133 Ohio St. 3d 55, 975 N.E.2d 977, ¶ 21, citing *Clifton v. Blanchester*, 131 Ohio St.3d 287, 2012-Ohio-780, 964 N.E.2d 414 (citations omitted).   Here, Relator specifically claims that he invokes standing pursuant to the public rights exception.  The public rights exception states, generally, that "when the issues sought to be litigated are of great importance and interest to the public, they may be resolved in a form of action that involves no rights or obligations peculiar to named parties." *State ex rel. Ohio Academy of Trial Lawyers v. Sheward*, 86 Ohio St.3d 451, 471, 715 N.E.2d 1062 (1999).  A court only entertains the public rights exception in rare and extraordinary cases. *Sheward*, 86 Ohio St. 3d at 504.

{¶5}  Here, Relator fails to purport facts extraordinary enough to warrant use of the public rights exception.  The public rights exception is to be used with extreme caution, because it places the court at risk of issuing advisory opinions. *State ex rel. Food & Water Watch v. State*, 2018-Ohio-555, 2018 WL 915358, ¶ 29.  In addition, the Ohio Supreme Court recently observed that it has not granted a public rights exception in fifteen years. *Id*. at ¶ 31 ("*Sheward* essentially allows this court to engage in policy-making by ruling on the legislation of the General Assembly in cases that lack an injured party, i.e., a party that can establish traditional standing.  Thus, any authority provided by *Sheward* is, at best, questionable.").  Further, *Shewerd* was already a narrow holding, and only granted the exception because the challenged statute operated "directly and broadly, to divest the courts of judicial power." *Sheward*, 86 Ohio St. 3d at 504.

{¶6}  While the opioid epidemic as portrayed by Relator is certainly a very important issue, and the effects and harms related to it are wide-reaching and encumbering, the alleged missteps supposedly made by The State of Ohio Board of

Pharmacy in the use of its discretion do not rise to a level of a public harm that would be comparable to *Sheward*. Therefore, Relator does not have standing to bring the present suit.

## Standard of Review

**{¶7}** Even assuming Relator had standing, he could not sustain his claim. In the case of a petition for an emergency/peremptory writ of mandamus, an appellate court's review of such a petition is very narrowly prescribed by law. An appellate court can issue a peremptory writ of mandamus only "if the pertinent facts are uncontroverted and it appears beyond doubt that [the relator] is entitled to the requested writ." *State ex rel. Highlander v. Rudduck,* 103 Ohio St.3d 370, 2004-Ohio-4952, 816 N.E.2d 213, ¶ 8. In addition, it is the duty of every court to enter judgements which can be carried into effect. *State ex rel. Leslie v. Ohio Hous. Fin. Agency*, 105 Ohio St.3d 261, 824 N.E.2d 990, ¶ 27, quoting *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970).

**{¶8}** Regarding a petition for a writ of mandamus generally, such a writ is an extraordinary remedy which should be exercised by this court with caution and issued only when the right is clear. *State ex rel. Brown v. Ashtabula Cty. Bd. of Elections,* 142 Ohio St.3d 370, 2014-Ohio-4022, 31 N.E.3d 596, ¶ 11. In order to be entitled to a writ of mandamus a relator must establish (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide such relief, and (3) the lack of an adequate remedy in the ordinary course of law. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 448, 663 N.E.2d 639 (1996). The burden is on the relator to establish the elements to obtain the writ. *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 34, 656 N.E.2d 332 (1995).

## State Board's Discretionary, Administrative Authority

**{¶9}** Relator alleges that work conditions at pharmacies are such that pharmacists are unable to comply with the rules established by Respondent in Ohio Adm.Code 4729-5 et seq. In particular, Relator cites to Ohio Adm.Code 4729-5-18 (Patient profiles), Ohio Adm.Code 4729-5-20 (Prospective drug utilization review), Ohio Adm.Code 4729-5-21 (Manner of processing prescription), and Ohio Adm.Code 4729-5-22 (Patient counseling).

{**¶10**} "The responsibility for the proper prescribing is upon the prescriber, but a corresponding responsibility rests with the pharmacist who dispenses the prescription." Ohio Adm.Code 4729-5-21(A). A pharmacist is required to ensure patient information is profiled, perform a prospective drug utilization review, and ensure the patient is given an offer to counsel. Ohio Adm.Code 4729-5-21(B)(1),(2),(4). Information a pharmacist should make reasonable efforts to include in a patient's profile includes: "The pharmacist's comments relevant to the individual patient's drug therapy, including any other necessary information unique to the specific patient or drug[.]" Ohio Adm.Code 4729-5-18(A)(1)(f).

{**¶11**} A pharmacist is required to review a patient's profile for over-utilization, therapeutic duplication, drug-disease state contraindications; abuse/misuse; and inappropriate duration of drug treatment. Ohio Adm.Code 4729-5-20(A)(1),(2),(3),(7),(8). "The responsibility for the proper prescribing is upon the prescriber, but a corresponding responsibility rests with the pharmacist who dispenses the prescription. Based upon information obtained during a prospective drug utilization review, a pharmacist shall use professional judgment when making a determination about the legitimacy of a prescription." Ohio Adm.Code 4729-5-20(G).

{**¶12**} On its face, Relator's petition does not present a sustainable claim in mandamus. Relator alleges generally that Respondent is failing to investigate and enforce its rules; he does not cite to any specific instance. The Ohio Supreme Court has instructed that mandamus cannot be used to compel the observance of laws generally. *State ex rel. Tillimon v. Weiher*, 65 Ohio St.3d 468, 1992-Ohio-83, 605 N.E.2d 35 (1992). Rather, it is "confined to commanding the performance of specific acts specially enjoined by law to be performed." *State ex rel. Stanley v. Cook*, 146 Ohio St. 348, 375-376, 66 N.E.2d 207 (1946).

{**¶13**} Furthermore, mandamus cannot compel a public entity to act in a certain way on a discretionary matter. *State ex rel. Husted v. Brunner*, 123 Ohio St.3d 119, 2009-Ohio-4805, 914 N.E.2d 397, ¶ 20 (2009). In other words, while the extraordinary remedy of mandamus may be available to compel a public entity to perform a duty specifically enjoined by law (i.e., exercise their discretion concerning a mandated duty),

it does not permit the courts to *control* that public entity's discretion. *City of Cleveland ex rel. Neelon v. Locher*, 25 Ohio St.2d 49, 51, 266 N.E.2d 831 (1971).

{¶14} Additionally, Relator wants this court to impose duties upon The State of Ohio Board of Pharmacy to control the behavior of private entities. There is no indication that the relief Relator seeks against the board would result in the change of behavior by unnamed private entities. As previously stated, this court can only enter writs which are capable of going into effect.

{¶15} Accordingly, a review of Relator's petition reflects that he seeks to compel Respondent's observance of laws generally, which is not available in mandamus. To the extent Relator takes issue with how Respondent exercises its discretion, as indicated above, mandamus does not permit courts to control how a public entity exercises its discretion. Upon a thorough review and careful consideration of Relator's petition, we can only conclude the pertinent facts are not uncontroverted and it does not appear beyond doubt that Relator is entitled to the requested writ.

{¶16} Brandon P. Bourgeois, proceeding on his own behalf, has filed a motion to file a brief of amicus curiae instanter urging a grant of the writ. The motion is denied for the same reasons set forth above.

{¶17} Accordingly, the petition is dismissed. Final order. Costs taxed against Relator.


Robb, P.J., concurs.

Donofrio, J., concurs.

Waite, J., concurs.


Case No. 18 MA 0006