[Cite as *State ex rel. Reigert v. State Med. Bd. of Ohio*, 2025-Ohio-5868.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. John Reigert, | : | |
| Relator-appellant, | : | No. 25AP-356 |
| | | (C.P.C. No. 24CV-8484) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| State Medical Board of Ohio, | : | |
| Respondent-appellee. | : | |

D E C I S I O N

Rendered on December 31, 2025

**On brief:** *John Reigert*, pro se.
**Argued:** *John Reigert*.

**On brief:** *Dave Yost*, Attorney General, *Iris Jin*, and
*Katherine J. Bockbrader*, for appellee.
**Argued:** *Katherine J. Bockbrader*.

APPEAL from the Franklin County Court of Common Pleas

MENTEL, J.

{¶ 1} Relator-appellant, John Reigert, pro se, appeals from a March 28, 2025 decision and entry, in relevant part, granting the motion to dismiss of respondent-appellee, State Medical Board of Ohio ("Board"). For the reasons that follow, we affirm.

**I. Facts and Procedural History**

{¶ 2} On November 5, 2024, Reigert filed a writ of mandamus against the Board. According to the complaint, non-party, Dr. Mark Barcelo, diagnosed his daughter, Lori Anne Reigert, with melanoma cancer in December 2015. (Nov. 5, 2024 Compl. at 2.) Ms. Reigert passed away on March 27, 2016. (Compl. at 2.) Four years after Ms. Reigert's passing, another pathologist, Dr. Boris Bastian, reported to Reigert that his daughter died from "untreated, clear cell sarcoma cancer and not from any type of melanoma cancer."

(Compl. at 3.) According to Reigert, a second pathologist, Dr. Rajiv Dhir, confirmed the alternative diagnosis. (Compl. at 3.) Reigert contends there is "medically certain evidence" that Dr. Barcelo departed from the minimum standard of care. (Compl. at 3.) According to Reigert, he filed a complaint for medical malpractice against the physician but later voluntarily dismissed the lawsuit. Reigert, on behalf of his daughter, then filed a complaint with the Board regarding Dr. Barcelo's diagnosis seeking an investigation into her medical care. Reigert noted that the "medically certain evidence of Barcelo's failed standard of care . . . were included in complaint 2020-8005." (Compl. at 3.) Six months after Reigert filed the complaint, the Board notified him that the investigation was closed. (Compl. at 3.) Upon Reigert's request to reopen the complaint against Dr. Barcelo, the Board, by letter dated February 23, 2021, wrote: "the entire file and the additional information that you sent to the Board were reexamined; and it was again determined that the case should, in fact, be closed because there was not sufficient basis to support formal disciplinary action by this agency." (Appellant's Ex. L.)

{¶ 3} On June 18, 2024, Reigert filed a writ of mandamus in the Franklin County Court of Common Pleas to " 'investigate the evidence' of complaint case 2020-8005, as required by RC4731.22(F)(1) with the expectation that in concurrence with the medically certain evidence of the complaint, find probable cause that Barcelo violated 4731.22(B)(6) and formally discipline him as mandated by RC4731.39." (Sic passim.) *Reigert v. State Med. Bd.*, Franklin C.P. No. 24CV-4787 (June 18, 2024 Compl. at 15.). After the Board filed various motions to dismiss, Reigert, pursuant to Civ.R. 41(A), voluntarily dismissed the complaint without prejudice. (Aug. 27, 2024 Relator Voluntary Dismissal Without Prejudice.)

{¶ 4} In his refiled mandamus action, Reigert alleges that the Board failed to investigate, pursuant to its duty under R.C. 4731.22(F)(1), his complaint against Dr. Barcelo. (Nov. 5, 2024 Compl. at 1.) Reigert alleges that if the Board had met its obligations to investigate, it would have found, based on "medically certain evidence," that Dr. Barcelo departed from the minimum standard of care in violation of R.C. 4731.22(B)(6). (Compl. at 4.) Reigert's mandamus action sought "to order the Board to investigate the evidence of complaint case 2020-8005." (Compl. at 15.)

{¶ 5}   On December 10, 2024, the Board, pursuant to Civ.R. 12(B)(1) and (6), filed a motion to dismiss for lack of standing and failure to state a claim upon which relief can be granted.  A series of motions and responsive filings followed.  On December 20, 2024, Reigert filed a combined memorandum in opposition and to dismiss the Board's motion to dismiss.  On December 26, 2024, Reigert filed a motion for judicial in-camera review of the record of the Board investigation.  On December 31, 2024, Reigert filed a motion to dismiss and revise the case schedule.  The Board filed a memorandum in opposition to Reigert's motion to dismiss and a memorandum in opposition to Reigert's motion for in-camera review on January 7 and 9, 2025, respectively.  The Board then filed a motion to stay discovery and a response to Reigert's motion to revise the case schedule on January 9, 2025.  On January 13, 2025, Reigert filed a motion for remote hearing on the Board's motion to dismiss.  Reigert filed what amounts to a reply brief on January 14, 2025.

{¶ 6}   On March 28, 2025, the trial court granted the Board's motion to dismiss. The trial court first found that Reigert lacked standing to file a complaint for a writ of mandamus in this case.  The trial court alternatively found that the Board complied with its statutory mandate under R.C. 4731.22(F)(1).  Because a decision to reopen Reigert's complaint is discretionary, Reigert cannot demonstrate a clear legal right to mandamus. Based on the trial court's grant of the Board's Civ.R. 12(B)(6) motion to dismiss Reigert's complaint for a writ of mandamus, it found the remaining motions were moot.

{¶ 7}   Reigert filed a timely appeal.

## II. Assignments of Error

{¶ 8}   Reigert assigns the following three assignments of error for our review:

[1.] The trial court erred as a matter of law and abused its discretion (1) by violating the Ohio Supreme Court's instructions of 1/25 on Judicial Conduct Rule 2.6A for pro se litigant due process and denying pro se Appellant's requests and motions for a hearing, (2) by violating Local Rule 33 in failing to provide a viable, coherent court schedule for his mandamus action, and (3) by violating CR 12(B)(6) in dismissing his complaint on 3/28/25 without notice or opportunity to submit a critical, sworn witness affidavit.

[2.] The trial court erred and abused its discretion by dismissing pro se Appellant's complaint on 3/28/25 for failure to state a claim by wrongly asserting (1) Appellant's mandamus was for the court to usurp the Board's absolute discretion on physician discipline and (2) wrongly asserting that Talwar gave the Board absolute discretion in complaint investigations.

[3.] The trial court erred by dismissing Appellant's complaint for lack of standing. (1) The trial court erred when it agreed with Appellee and contradicted Appellant's assertion that the Medical Act requires public right standing which the Ohio Supreme Court had recently denied for all public agencies. (2) The trial court erred and abused its discretion by not addressing Appellant's assertion of statutory standing. (3) The trial court erred and abused its discretion by dismissing pro se Appellant's complaint for lack of traditional standing.

(Emphasis in original.) (Sic passim.)

## III. Analysis

{¶ 9} Reigert appeals from the trial court's grant of the Board's Civ.R. 12(B)(6) motion to dismiss his complaint for a writ of mandamus ordering the Board to reopen its investigation against Dr. Barcelo. For harmony of analysis, we will address Reigert's three assignments of error out of order.

### A. Reigert's Third Assignment of Error

### 1. Standing

{¶ 10} As a threshold matter, we must first address the issue of standing. Before an Ohio court may consider the merits of a legal claim, the person or entity seeking relief must demonstrate standing to sue. *Collins v. State*, 2025-Ohio-4347, ¶ 16 (10th Dist.), citing *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 2007-Ohio-5024, ¶ 27. " 'Standing' is defined as a party's right to make a legal claim or seek judicial enforcement of a duty or right." (Internal quotation marks deleted.) *State ex rel. Butler Twp. Bd. of Trustees v. Montgomery Cty. Bd. of Commrs.*, 2010-Ohio-169, ¶ 19, quoting *Ohio Pyro, Inc.* at ¶ 27, quoting *Black's Law Dictionary* (8th Ed. 2004). When resolving a question of standing, courts must " 'look[] to the rights of the individual parties to bring the action, as they must assert a personal stake in the outcome of the action.' " *In re T.S.*, 2019-Ohio-886, ¶ 4 (10th Dist.), quoting *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 23, citing *Ohio Pyro, Inc.* at ¶ 27. The " 'Ohio Constitution expressly requires standing for cases filed in common pleas court.' " *Collins* at ¶ 16, quoting *ProgressOhio.org, Inc. v. JobsOhio*, 2014-Ohio-2382, ¶ 11.

{¶ 11} To establish traditional standing, a litigant must demonstrate that they suffered "(1) an injury (2) that is fairly traceable to the defendant's allegedly unlawful conduct and (3) is likely to be redressed by the requested relief." *Ohioans for Concealed*

*Carry, Inc. v. Columbus*, 2020-Ohio-6724, ¶ 12, citing *Moore v. Middletown*, 2012-Ohio-3897, ¶ 22. More specifically, to establish an injury, the litigant must show that they suffered "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." (Internal quotation marks deleted and citations omitted.) *Collins* at ¶ 18. An injury must also be fairly traceable to a defendant's conduct when "the conduct complained of [is] causally connected to the injury." *Bourke v. Carnahan*, 2005-Ohio-5422, ¶ 10 (10th Dist.), citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "Finally, it must be likely, as opposed to merely speculative, that a favorable decision will redress the injury." *Collins* at ¶ 18, citing *Bourke* at ¶ 10, citing *Lujan* at 560-561. In certain cases, standing may also be expressly conferred by statute. *Campbell v. Donald A. Campbell 2001 Trust*, 2021-Ohio-1731, ¶ 42 (8th Dist.), citing *Wooster v. Enviro-Tank Clean, Inc.*, 2015-Ohio-1876, ¶ 12 (9th Dist.).

{¶ 12} Standing is an essential requirement in mandamus actions. *See, e.g.*, *State ex rel Ohio Stands Up!, Inc. v. DeWine*, 2021-Ohio-4382, ¶ 5, 10. To demonstrate standing in a mandamus action, the relator must be "beneficially interested" in the case. *Id.* at ¶ 7, citing *State ex rel. Spencer v. E. Liverpool Planning Comm.*, 1997-Ohio-77, ¶ 7. "[T]he applicable test is whether [the] relators would be directly benefited or injured by a judgment in the case." *State ex rel. Sinay v. Sodders*, 1997-Ohio-344, ¶ 9.

{¶ 13} A writ of mandamus brought by a party that lacks standing must be dismissed. *State ex rel. Ames v. Portage Cty. Bd. of Revision*, 2021-Ohio-4486, ¶ 10. A litigant's lack of standing is properly raised in a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Cool v. Frenchko*, 2022-Ohio-3747, ¶ 25 (10th Dist.), citing *Cronin v. Governor of Ohio*, 2022-Ohio-829, ¶ 11 (8th Dist.); *see also Wilkins v. Harrisburg*, 2015-Ohio-5472, ¶ 38 (10th Dist.) (finding a "motion to dismiss for lack of standing is properly brought pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted"). For purposes of appellate review, whether a litigant has standing is a question of law that we review de novo. *Cool* at ¶ 12, citing *Ohio Concrete Constr. Assn. v. Ohio Dept. of Transp.*, 2009-Ohio-2400, ¶ 9 (10th Dist.).

{¶ 14} Reigert has raised several grounds to establish standing, none of which are persuasive. Reigert first claims standing under the public-right doctrine established under *State ex rel. Ohio Academy of Trial Lawyers v. Sheward*, 1999-Ohio-123, 86 Ohio St.3d

451. The *Sheward* court established, at the time, an exception to the traditional standing requirements "where the object of an action in mandamus and/or prohibition is to procure the enforcement or protection of a public right, the relator need not show any legal or special individual interest in the result, it being sufficient that relator is an Ohio citizen and, as such, interested in the execution of the laws of this state." *Id.* at ¶ 44. The parties do not dispute that the Supreme Court of Ohio overruled *Sheward* and has held that "no[] future litigant[] may rely on [the public-rights exception] to bypass our well-established standing requirement." *State ex rel. Martens v. Findlay Mun. Court*, 2024-Ohio-5667, ¶ 23. While it is apparent that Reigert disputes the holding and reasoning in *Martens*, *see* appellant's brief at 26-27, we are bound by its precedent. Because the public-rights exception no longer exists in this state, Reigert cannot rely on it to establish standing. *Collins* at ¶ 40, fn. 6.

{¶ 15} Reigert next contends that he has standing under R.C. 4731.22(F)(1) and 2930.19. (Appellant's Brief at 28.) As to the former, while R.C. 4731.22(F)(1) provides "[a]ny person may report to the board . . . any information that the person may have that appears to show a violation of any provision of this chapter or any rule adopted under it," the statute is silent as to whether that confers standing to file a writ of mandamus in this context. Courts may not "read the statutory silence as clearly expressing an intention to abrogate the common-law requirements for standing." *Ohioans for Concealed Carry, Inc.*, 2020-Ohio-6724, at ¶ 17, citing *ProgressOhio.org, Inc.*, 2014-Ohio-2382, at ¶ 22. As to the latter, we find that Reigert failed to raise a statutory standing argument regarding R.C. 2930.19 with the trial court. *ProgressOhio.org, Inc.* at ¶ 18 (finding that appellants waived their standing argument under R.C. 2721.03 as they failed to raise a claim of standing under the statute with the lower courts); *State ex rel. E. Cleveland Fire Fighters' Assn., Local 500, IAFF v. Jenkins*, 2002-Ohio-3527, ¶ 12. As such, Reigert has waived the statutory standing argument under R.C. 2930.19 by not raising it with the trial court.

{¶ 16} Finally, Reigert cannot establish standing through traditional common-law principles based on the alleged injury of emotional distress. Reigert acknowledges that the cause of the emotional distress is primarily derived from the physician's care and not from the Board. *See, e.g.*, appellant's brief at 13 (arguing the physician "committed nothing less than involuntary manslaughter"). However, to establish standing, the injury must be "fairly traceable to the *defendant's* conduct." (Emphasis added.) *Martens* at ¶ 12. Any injury that

Reigert does attribute to the Board is based on the denial of "retributive justice for [his daughter's] death." (Appellant's Brief at 14.) Reigert's claimed injury is insufficient to establish standing in this context as any alleged injury derived from the Board's failure to investigate the physician in order to mitigate the emotional distress is not concrete or particularized. *Collins* at ¶ 18. Thus, the injury is far too vague and is not fairly traceable to the Board. Finally, Reigert has not alleged facts that would show he would personally benefit from the Board conducting further investigation. Reigert claims, "[i]t is instinctive for a father to want revenge/retributive justice for his daughter's negligent death." (Appellant's Brief at 31.) However, given the matter has been examined on two separate occasions, even if the Board reopened the case, the "retribut[ion]" sought is not a likely outcome of such an investigation.

{¶ 17} Accordingly, Reigert cannot establish standing in this case.

### B. Reigert's Second Assignment of Error

### 1. Civ.R. 12(B)(6) Motion to Dismiss

{¶ 18} Arguendo, even if Reigert had standing, his original action was properly dismissed for failure to state a claim upon which relief can be granted under Civ.R. 12(B)(6).

{¶ 19} A motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Civ.R. 12(B)(6), is procedural and tests the sufficiency of the complaint. *Rudd v. Ohio State Hwy. Patrol*, 2016-Ohio-8263, ¶ 11 (10th Dist.), citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 1992-Ohio-73, ¶ 9, citing *Assn. for Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). "When ruling on a Civ.R. 12(B)(6) motion to dismiss, the trial court must presume all factual allegations in the complaint are true, construe the complaint in a light most favorable to the plaintiff, and make all reasonable inferences in favor of the plaintiff." *Collins* at ¶ 21, citing *Brown v. Ohio Dept. of Rehab. & Corr.*, 2013-Ohio-4012, ¶ 6 (10th Dist.), citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). When ruling on a Civ.R. 12(B)(6) motion to dismiss, a trial court is restricted to the averments provided in the complaint and shall not consider outside evidentiary materials. *Morrissette v. DFS Servs., L.L.C.*, 2011-Ohio-2369, ¶ 20 (10th Dist.), citing *Hutchinson v. Beazer E., Inc.*, 2006-Ohio-6761, ¶ 14 (8th Dist.). "A trial court properly dismisses a complaint for failure to state a claim upon which relief can be granted when it appears beyond doubt from the complaint that the plaintiff

can prove no set of facts entitling him or her to relief." *Collins* at ¶ 22, citing *Rudd* at ¶ 11, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. We review a trial court's dismissal pursuant to Civ.R. 12(B)(6) de novo. *Cool* at ¶ 13, citing *Dunlop v. Ohio Dept. of Job & Family Servs.*, 2017-Ohio-5531, ¶ 10 (10th Dist.).

{¶ 20} A party seeking a writ of mandamus must demonstrate (1) a clear legal right to the relief requested, (2) the respondent has a clear legal duty to perform the requested act, and (3) relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Manpower of Dayton, Inc. v. Indus. Comm.*, 2016-Ohio-7741, ¶ 9, citing *State ex rel. General Motors Corp. v. Indus. Comm.*, 2008-Ohio-1593, ¶ 9.

{¶ 21} R.C. 4731.22(F)(1) provides, "[t]he board shall investigate evidence that appears to show that a person has violated any provision of this chapter or any rule adopted under it . . . Each complaint or allegation of a violation received by the board shall be assigned a case number and shall be recorded by the board." While R.C. 4731.22 does not define "investigate," we have previously interpreted the term consistent with its common, everyday meaning. *State ex rel. Zamborsky v. State Bd. of Embalmers & Funeral Dirs.*, 2019-Ohio-4016, ¶ 15 (10th Dist.). "The ordinary meaning of 'investigate' is 'to observe or study closely: inquire into systematically: EXAMINE, SCRUTINIZE . . . specif[ically]: to subject to an official probe.' " (Emphasis in original.) *Id.* at ¶ 15, quoting *Webster's Third New International Dictionary* (1966).

{¶ 22} Here, the Board assigned Reigert's complaint a case number, 2020-8005, and the matter was recorded by the Board. While Reigert takes issue with the Board's efforts, he acknowledged that the Board issued subpoenas and reviewed 300 pages of medical records as part of its investigation. (Nov. 5, 2024 Compl. at 5.) Reigert also noted that the "medically certain evidence of Barcelo's failed standard of care, Exhibits A [Dr. Barcelo's pathology report], B [Journal of Oncology Letters], F [Dr. Boris Bastian pathology report], H [Dr. Rajiv Dhir pathology report], I [Dr. Rajiv Dhir pathology report of unresolved issues], were included in complaint 2020-8005." (Emphasis deleted.) (Compl. at 3.) The Board, after such an initial investigation, declined to bring disciplinary action in the case. Upon Reigert's request to reopen the complaint against Dr. Barcelo, the Board, by letter dated February 23, 2021, wrote: "the entire file and the additional information that you sent to the Board were reexamined; and it was again determined that

the case should, in fact, be closed because there was not sufficient basis to support formal disciplinary action by this agency." (Appellant's Ex. L.) As such, we agree with the trial court that the Board complied with R.C. 4731.22(F)(1) to investigate the complaint. Mandamus cannot lie to compel a performance of a duty that has already taken place. *State ex. rel. Fontanella v. Kontos*, 2008-Ohio-1431, ¶ 6, citing *State ex rel. Howard v. Doneghy*, 2004-Ohio-3207, ¶ 6.

{¶ 23} Reigert is now seeking a writ of mandamus to compel the Board to reopen the investigation into Dr. Barcelo's care. It is well established, however, that a writ of mandamus will not lie to compel the Board to perform a discretionary act. *State ex rel. Talwar v. State Med. Bd.*, 2004-Ohio-6410, ¶ 11; *see also Westbrook v. Ohio Civ. Rights Comm.*, 17 Ohio St.3d 215, 216 (1985) (finding the commission had discretion, not an absolute duty, to issue a formal complaint after an investigation); *State ex rel. Carlson v. State Bd. of Pharmacy*, 2018-Ohio-3102, ¶ 13, 15 (7th Dist.), citing *State ex rel. Husted v. Brunner*, 2009-Ohio-4805, ¶ 20 ("mandamus cannot compel a public official to act in a certain way on a discretionary matter"). "In other words, while the extraordinary remedy of mandamus may be available to compel a public entity to perform a duty specifically enjoined by law (i.e., exercise their discretion concerning a mandated duty), it does not permit the courts to *control* that public entity's discretion." (Emphasis in original.) *Carlson* at ¶ 13, citing *Cleveland ex rel. Neelon v. Locher*, 25 Ohio St.2d 49, 51 (1971). Insofar as Reigert claims that the Board abused its discretion in failing to prosecute or discipline the physician, R.C. 4731.22(B) requires the Board to "limit, revoke, or suspend a license or certificate to practice or certificate to recommend, refuse to issue a license or certificate, refuse to renew a license or certificate, refuse to reinstate a license or certificate, or reprimand or place on probation the holder of a license or certificate" for certain enumerated reasons. Nothing in this section prohibits the Board from deciding not to discipline a physician. "It is within the board's discretion to do so in allocating its resources in a manner that will best protect patients." *Talwar* at ¶ 11. Thus, Reigert cannot establish that the Board has a clear legal duty to provide the requested relief to reopen the investigation into the physician.

{¶ 24} Because the factual allegations in the complaint demonstrate that an investigation, as well as a review of the investigation, already took place, the trial court did not err by granting the Board's Civ.R. 12(B)(6) motion to dismiss.

### C. Reigert's First Assignment of Error

{¶ 25} Finally, Reigert argues that that the trial court erred by finding various motions were moot. This court has long held that when a trial court has dismissed a complaint for failure to state a claim under Civ.R. 12(B)(6), the remaining pending motions become moot. *Parker v. Mausser*, 2018-Ohio-4296, ¶ 26 (10th Dist.), citing *Wright v. Ghee*, 2002-Ohio-5487, ¶ 53 (10th Dist.), citing *Budd v. Kinkela*, 2002-Ohio-4311, ¶ 20 (10th Dist.). Because we find that the trial court did not err by granting the Board's Civ.R. 12(B)(6) motion to dismiss, we agree with the trial court that the remaining motions at issue are moot.

{¶ 26} Reigert also contends that the trial court violated Ohio Code of Judicial Conduct Rule 2.6(A) by dismissing his motion for a hearing. As a general matter, this court has found that a party is not entitled to a hearing on a motion to dismiss pursuant to Civ.R. 12(B)(6). *See, e.g.*, *Mariner Fin., L.L.C. v. Childs*, 2021-Ohio-3935, ¶ 8 (10th Dist.), citing *Woods v. Riverside Methodist Hosp.*, 2012-Ohio-3139, ¶ 21 (10th Dist.). By its nature, a Civ.R. 12(B)(6) motion to dismiss is limited to the complaint and any documents appropriately attached. *Mariner Fin., L.L.C.* at ¶ 8. We agree with the trial court's determination in this regard. While Reigert alleges that the trial court did not make proper accommodations for him as a pro se litigant, it is well established that "pro se litigants are expected to possess knowledge of the law and legal procedures and, accordingly, are held to the same standard as litigants who have legal representation." *JPMorgan Chase Bank, N.A. v. Cloyes*, 2021-Ohio-3316, ¶ 9 (10th Dist.), citing *In re Application of Black Fork Wind Energy, L.L.C.*, 2013-Ohio-5478, ¶ 22.

{¶ 27} Concerning Reigert's specific contention that the trial court violated Jud.Cond.R. 2.6(A), we have no authority to address his claim as "[t]he Supreme Court has the exclusive jurisdiction to address claims of bias or violations of rules of judicial conduct." *State v. Byers*, 2025-Ohio-1511, ¶ 50 (10th Dist.), citing *State v. Bastawros*, 2024-Ohio-2809, ¶ 21 (8th Dist.).

{¶ 28} Based on the foregoing, we overrule Reigert's three assignments of error.

## IV. Conclusion

{¶ 29} Having overruled Reigert's three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

JAMISON, P.J., and DINGUS, J., concur.

_____