[Cite as *Reading Recovery Council of N. Am., Inc. v. State*, 2026-Ohio-1000.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| Reading Recovery Council of North America, Inc., et al., | : | |
| | : | |
| Plaintiffs-Appellants, | : | No. 25AP-515 |
| | : | (C.P.C. No. 23CV-7041) |
| v. | : | (REGULAR CALENDAR) |
| State of Ohio et al., | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on March 24, 2026

**On brief:** *UB Greensfelder LLP, David D. Yeagley*, and *Ryan W. Gillespie*; *UB Greensfelder LLP*, and *Alvin E. Mathews, Jr.*, for appellants. **Argued:** *David D. Yeagley*.

**On brief:** *Shumaker, Loop & Kendrick, LLP, Mark D. Wagoner*, and *Krystina E. Garabis*, for appellees. **Argued:** *Mark D. Wagoner, Jr.*

APPEAL from the Franklin County Court of Common Pleas

LELAND, J.

{¶ 1} Plaintiffs-appellants, Reading Recovery Council of North America, Inc. ("RRCNA") and William R. Molasso ("Dr. Molasso"), challenge the March 12, 2025 decision of the Franklin County Court of Common Pleas granting in part and denying in part the motion to dismiss filed by defendants-appellees, State of Ohio and Governor Mike DeWine; overruling all of appellants' objections to the magistrate's decision; and denying appellants' motion for preliminary injunction.

## I. Facts and Procedural History

{¶ 2} On October 3, 2023, appellants filed a complaint seeking declaratory judgment and temporary, preliminary, and permanent injunctive relief. Specifically, Count I of the complaint asked for declaratory judgment for violation of Article II, Section 15(D) of the Ohio Constitution, or the single-subject rule. Count II sought declaratory judgment for violation of Article VI, Section 4 of the Ohio Constitution, or the section establishing the Department of Education. Count III requested declaratory judgment for violation of Article I, Section 16 of the Ohio Constitution, or the due process clause. Finally, Count IV of the complaint pleas for temporary, preliminary, and permanent injunctive relief per Civ.R. 65 and R.C. 2727 et seq.

{¶ 3} On October 30, 2023, appellees filed a motion to dismiss, arguing appellants lacked standing to challenge R.C. 3313.6028(C). On November 2, 2023, appellants filed a motion for preliminary injunctive relief to enjoin appellees' implementation of the statute. The trial court referred the motion for preliminary injunctive relief to a magistrate, who held a hearing on April 22 and 23, 2024. On July 17, 2024, the magistrate issued a decision, including findings of fact and conclusions of law, that found appellants had standing to challenge R.C. 3313.6028(C), but denied their request for a preliminary injunction. On July 31, 2024, appellants filed objections to the magistrate's decision. Appellees filed a memorandum contra on August 7, 2024.

{¶ 4} On March 12, 2025, the trial court issued a decision on appellees' October 30, 2023 motion to dismiss and appellants' July 31, 2024 objections to the magistrate's decision. First, the court denied the motion to dismiss as to Count I of the complaint because it found appellants' alleged injury sufficient to establish standing. Second, the court granted the motion to dismiss as to Count II of the complaint on multiple bases. Third, the court granted the motion to dismiss as to Count III of the complaint because it found appellants asserted injury on behalf of the school boards rather than a personal injury. The court also overruled all objections to the magistrate's decision, adopted all but the standing analysis of the magistrate's decision, and denied appellants' motion for preliminary injunction.

{¶ 5} On June 4, 2025, appellants dismissed Count I of their complaint. On June 9, 2025, the court filed an entry declaring the March 12, 2025 entry to be a final and appealable order. Appellants timely appealed.

## II. Assignment of Error

{¶ 6} Appellants assign the following as error for our review:

> The trial court erred in granting Appellees' Motion to Dismiss Count III of Appellants' Complaint, which alleged that R.C. 3313.6028 is unconstitutionally vague in violation of Article I, Section 16 of the Ohio Constitution, on the grounds that Appellants lacked standing.

## III. Discussion

{¶ 7} Appellants' sole assignment of error contends the trial court erred in granting the Civ.R. 12(B)(6) motion to dismiss as to Count III of the complaint. Specifically, appellants challenge the court's finding that they lacked standing to sue under Count III.

{¶ 8} A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint. Civ.R. 12(B)(6); *State ex rel. Reigert v. State Med. Bd. of Ohio*, 2025-Ohio-5868, ¶ 19 (10th Dist.). A trial court, in ruling on a Civ.R. 12(B)(6) motion to dismiss, presumes the truth of all factual allegations in the complaint, views the complaint in a light most favorable to the plaintiff, and considers no evidence outside the allegations made in the complaint. *State ex rel. Reigert* at ¶ 19. A trial court may grant a Civ.R. 12(B)(6) motion to dismiss only when the complaint " 'beyond doubt' " cannot support an interpretation of facts that entitles plaintiff to relief. *Id.*, quoting *Collins v. State*, 2025-Ohio-4347, ¶ 22 (10th Dist.); *see Jabr v. Columbus*, 2023-Ohio-2781, ¶ 20 (10th Dist.). We review de novo a trial court's decision granting a Civ.R. 12(B)(6) motion to dismiss. *State ex rel. Reigert* at ¶ 19.

{¶ 9} Standing to sue is a jurisdictional requirement, and the burden to plead sufficient facts to establish standing rests with the person or entity seeking relief. *Smith v. Ohio State Univ.*, 2017-Ohio-8836, ¶ 9 (10th Dist.). To meet this burden, a litigant must show they have suffered an injury that is "fairly traceable to the defendant's allegedly unlawful conduct," and the injury must be "likely to be redressed by the requested relief." (Internal quotation marks omitted.) *Id.* at ¶ 10. In other words, standing in Ohio "requires an injury in fact, causation, and redressability." *State ex rel. Walgate v. Kasich*, 2016-Ohio-

1176, ¶ 23.  The plaintiff must allege an injury that is both concrete and particularized.  *See Ohio Democratic Party v. LaRose*, 2020-Ohio-4664, ¶ 19 (10th Dist.), citing *State ex rel. Food & Water Watch v. State*, 2018-Ohio-555, ¶ 20 and *Spokeo, Inc. v. Robbins*, 578 U.S. 330, 334 (2016).  We also review de novo a trial court's decision on whether a party established standing.  *Smith* at ¶ 9.

{¶ 10}  The trial court determined appellants lacked standing to sue under Count III of their complaint because appellants, the court claimed, alleged injury only to school boards.  The court reasoned this constituted an improper attempt to assert a claim on behalf of a third party.  Reading only paragraphs 111-116 of the complaint, where appellants argued school districts will have difficulty developing a curriculum due to the vagueness of R.C. 3313.6028(C), the court's conclusion appears correct.  Elsewhere in the complaint, however, appellants allege concrete and particularized injuries sufficient to establish standing.   For example, appellants claim that "[d]ue to the enactment of [R.C. 3313.6028(C)] . . . RRCNA has experienced a decline in membership of Ohio School Districts, and also expects a decline in registrations of Ohio School Districts for the annual conference, under circumstances where those Ohio School Districts would otherwise renew their memberships and attend the conference."  (Compl. at ¶ 15.)  The enactment of R.C. 3313.6028(C), they argue, "materially undermines RRCNA's ability to carry out its fundamental mission and outreach to constituencies in Ohio and elsewhere."  (Compl. at ¶ 15.)  Appellants also claim the statute would compromise "Dr. Molasso's ability to carry out RRCNA's fundamental mission and initiatives as Executive Director" and "directly and significantly impact RRCNA's mission and outreach within the State of Ohio."  (Compl. at ¶ 16-17.)  Finally, appellants insist that if the trial court adjudicates R.C. 3313.6028(C) to be unconstitutional and void, RRCNA will once again be able to achieve its mission "without the deleterious impacts" of the challenged statute.  (Compl. at ¶ 19.)

{¶ 11} Reading the complaint in a light most favorable to appellants, we find the complaint pled facts sufficient to establish standing under Count III.  They detailed injuries in fact: loss of membership, decline of registrations to their annual conference, and an inability for Dr. Molasso to carry out the mission of RRCNA.  Appellants alleged causation: R.C. 3313.6028(C) was the proximate factor in the injuries alleged.  And they claimed their proposed remedy would redress the injuries: voiding R.C. 3313.6028(C) as

unconstitutional would allow RRCNA to pursue its organizational mission without hindrance. The trial court incorrectly limited its analysis of Count III to the contents under the complaint's Count III subheading. Instead, it " 'must presume *all* factual allegations in the complaint are true,' " including those contained in other sections of the complaint. (Emphasis added.) *State ex rel. Reigert*, 2025-Ohio-5868, at ¶ 19 (10th Dist.), quoting *Collins*, 2025-Ohio-4347, at ¶ 21 (10th Dist.). The trial court thus erred in granting appellees' motion to dismiss Count III of the complaint on standing grounds. We accordingly sustain the sole assignment of error.

## IV. Conclusion

{¶ 12} Having sustained appellants' sole assignment of error, we reverse the dismissal of Count III ordered by the March 12, 2025 judgment of the Franklin County Court of Common Pleas and remand this matter to that court for proceedings consistent with this decision.

*Judgment reversed in part;*
*cause remanded.*

DORRIAN and MENTEL, JJ., concur.

———————————